**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald Martel WALKER,
Defendant–Appellant.**

No. 96–50420.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 1997 *.

Decided June 27, 1997.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

John Lanahan, San Diego, CA, for the defendant–appellant.

Alan D. Bersin, Bruce R. Castetter, Deborah A. Curtis, Assistant United States Attorney, San Diego, CA, for plaintiff–appellee.

Before: DAVID R. THOMPSON, T.G. NELSON, Circuit Judges, and FITZGERALD, District Judge.**

FITZGERALD, District Judge:

Donald Martel Walker was convicted on February 13, 1992 before Magistrate Judge Louisa S. Porter of using paper as money in violation of 18 U.S.C. § 491(a). He was sentenced for that offense to a period of eight months incarceration followed by one year of supervised release. One of the conditions of supervised release was that he obey all federal, state and municipal laws.

** Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

Walker subsequently appeared before Magistrate Judge Porter in response to an Order to Show Cause why the period of one year supervised release should not be revoked. At a revocation hearing held on March 5, 1996, a certified copy of a judgment and commitment by the California Superior Court for Imperial County was received into evidence. This document established that Walker had been convicted of three counts of first degree robbery and was serving a twelve year sentence for the robbery convictions.

Following his release from federal confinement on the sentence imposed by Magistrate Judge Porter on February 13, 1992, Walker was placed on supervised release under the supervision of United States Probation Officer Pedro Salsedo. However, at the revocation hearing, the government called United States Probation Officer Trusso as a witness instead of Probation Officer Salsedo. When Trusso undertook to testify from Walker's file prepared by Probation Officer Salsedo, Walker's counsel interposed a hearsay objection. Magistrate Judge Porter overruled the objection and allowed Trusso to testify based upon the record. Trusso then testified that Walker's term of supervised release had commenced on September 21, 1992, but had not expired at the time Walker was convicted in California Superior Court on August 16, 1993. The Magistrate Judge accepted Trusso's testimony, revoked Walker's supervised release for violation of special conditions, and imposed a one year sentence to run consecutively to the twelve year prison term Walker was then serving.

Walker promptly filed an appeal to the District Court, raising the sole issue of whether Magistrate Judge Porter abused her discretion by allowing Probation Officer Trusso to offer hearsay testimony relating to the date on which Walker's term of supervised release began. In its memorandum decision, the District Court noted that the Ninth Circuit had yet to confront the issue raised by Walker's appeal. The court found, however, that the Eleventh Circuit had addressed the issue in *United States v. Frazier,* 26 F.3d 110 (11th Cir.1994). In *Frazier,* the court held that Federal Rule of Evidence

1101(d)(3) applies to proceedings to revoke supervised release because "Congress equated supervised release with probation revocation." *Id.* at 113. Finding the rationale of *Frazier* persuasive, the District Court affirmed Magistrate Judge Porter. We agree and now affirm.

■ Walker's appeal to this court is timely and we have jurisdiction under 28 U.S.C. § 1294(1). The District Court's construction or interpretation of the Federal Rules of Evidence is a question of law subject to *de novo* review. *U.S. v. Manning,* 56 F.3d 1188, 1196 (9th Cir.1995).

■ In his appeal, Walker suggests that the District Court appears to have been relying upon two cases in its memorandum decision. Although *United States v. Frazier,* is cited by the District Court, also mentioned is *United States v. Stephenson,* 928 F.2d 728, 732 (6th Cir.1991), which extended Rule 1101(d)(3) to proceedings involving revocation of supervised release. Walker contends that *Frazier* should not be followed, but rather that the rationale of *United States v. Behnezhad,* 907 F.2d 896, 898–899 (9th Cir. 1990), *superseded by statute as stated* in *In Re Pacific–Atlantic Trading Co.,* 64 F.3d 1292, 1302 (9th Cir.1995) and *United States Parole Comm'n v. Williams,* 54 F.3d 820, 824 (D.C.Cir.1995), should be applied.

In *Behnezhad,* we held that a district court may modify or revoke a person's supervised release. In so doing, however, the court is restricted to the specific alternatives set forth in 18 U.S.C. § 3583. We also noted that Congress had provided courts with greater flexibility regarding terms of punishment for violations of probation under 18 U.S.C. § 3565. Based upon this distinction, Walker argues that *Behnezhad* holds that Congress did not intend for the same procedures used in probation revocation to apply to proceedings to revoke supervised release. Although *Behnezhad* recognized that by statute a district court must treat violations of supervised release differently from probation violations, *Behnezhad* had nothing at all to do with evidentiary issues which may arise in proceedings involving such violations. *Behnezhad* is simply not on point.

Walker also argues that the rules of evidence should be applied more restrictively in proceedings to revoke supervised release than in probation revocation proceedings because supervised release follows a term of imprisonment while probation follows either incarceration or community confinement. As *Frazier* recognized, however, the difference between the two proceedings, for the purposes of applying evidentiary rules, is inconsequential.

In *Frazier,* the Eleventh Circuit concluded that "Congress considered probation revocation and supervised release revocation to be so analogous as to be interchangeable." *Frazier,* 26 F.3d at 113. In arriving at its conclusion, *Frazier* stated:

> [I]n providing for the revocation of supervised release in 18 U.S.C. § 3583(e)(3), Congress provided that the court determination of whether revocation was warranted was to be made 'pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation....'

*Frazier,* 26 F.3d at 113 (quoting *United States v. Montez,* 952 F.2d 854, 858 (5th Cir.1992)(quoting 18 U.S.C. § 3583(e)(3))). *Frazier* also noted that the Federal Rules of Criminal Procedure, and Rule 32.1 in particular, treat probation and supervised release similarly. For these reasons, *Frazier* determined that "Congress equated supervised release revocation with probation revocation." *Frazier,* 26 F.3d at 113.

Frazier also noted that two other circuits, the Sixth Circuit in *Stephenson,* 928 F.2d at 732, and the First Circuit in *United States v. Portalla,* 985 F.2d 621, 622 (1st Cir.1993), have allowed hearsay evidence to be used in proceedings to revoke supervised release. *Stephenson* held that because revocation proceedings were more flexible than trials, the district court could consider reliable hearsay. *Portalla,* held simply that the Federal Rules of Evidence do not apply to proceedings to revoke supervised release.

For all of the above reasons, Frazier specifically held that "the Federal Rules of Evidence do not apply in supervised release revocation proceedings." *Frazier,* 26 F.3d at 114.

■ Frazier's analysis did not end with its holding that the Federal Rules of Evidence do not apply in proceedings to revoke supervised release. Frazier also held that defendants involved in such proceedings "are entitled to certain minimal due process requirements." *Id.* at 114 (citing *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Included in these minimal due process requirements is the right to confront and cross-examine adverse witnesses. *Frazier,* 26 F.3d at 114 (citing *Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604). Here, neither the trial court nor the parties on appeal addressed the due process issue.

■ In *United States v. Martin,* 984 F.2d 308 (9th Cir.1993), we recognized that a releasee's rights to confrontation at a revocation hearing, as codified in Federal Rule of Criminal Procedure 32.1, "do not rise to the level of similar rights at a criminal trial." *Martin,* 984 F.2d at 311. Nevertheless, in determining whether the admission of hearsay evidence violates the releasee's right to confrontation, the trial court must balance the releasee's "right to confrontation against the Government's good cause for denying it." *Id.* at 310 (quoting *United States v. Simmons,* 812 F.2d 561, 564 (9th Cir.1987)). The defendant's right to confrontation is weighed under the specific circumstances presented. *Martin,* 984 F.2d at 311. In conducting the balancing test, the trial court may consider the importance of the evidence to the court's finding, the releasee's opportunity to refute the evidence, and the consequences of the court's finding. *Id.* The trial court might also consider the " 'difficulty and expense of procuring witnesses,' " *Martin,* 984 F.2d at 312 (quoting *Gagnon,* 411 U.S. at 783 n. 5, 93 S.Ct. at 1760 n. 5), and the " 'traditional indicia of reliability' borne by the evidence...." *Martin,* 984 F.2d at 312 (quoting *Simmons,* 812 F.2d at 564).

■ Here, the trial court failed to conduct a balancing test. However, given the reliability of the evidence, the error was harmless. Probation Officer Trusso testified from records maintained by Probation Officer Sal-

sedo, and as Walker concedes in his reply brief, the testimony was most likely admissible as a public records exception to hearsay under Federal Rule of Evidence 803(8). Moreover, to warrant relief, Walker must show that he was prejudiced by the trial court's error. *Martin,* 984 F.2d at 311. Walker did not challenge the reliability of the evidence nor offer any contrary evidence. There is simply no reason to doubt the evidence regarding the date on which Walker's supervised release began. Because of the reliability of the hearsay evidence, and the failure of Walker to show prejudice, any error in failing to apply the balancing test was harmless.

We conclude that the rationale of *Frazier* is correct and hold that the Federal Rules of Evidence do not apply to proceedings to revoke supervised release. Upon conducting the balancing test enunciated in *Martin,* reliable hearsay evidence may be admitted at such proceedings.

AFFIRMED.