139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Javier Luna HERRERA, Defendant-Appellant.
 No. 97-50110.
D.C. No. CR-94-01215-WBE.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 20, 1998.
Submitted February 9, 1998**.
 
 Appeal from the United States District Court for the Southern District of California William B. Enright, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Javier Luna Herrera appeals the district court's order revoking his supervised release and sentencing him to twelve months imprisonment. Herrera had been serving a term of supervised release as part of his sentence for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion the district court's decision to revoke a term of supervised release, see United States v. Schmidt, 99 F.3d 315, 320 (9th Cir.1996), and we affirm.
 
 
 3
 Herrera contends that his due process and confrontation rights were violated by the government's failure to present any witnesses at the revocation hearing with personal knowledge of the allegations .[1]
 
 
 4
 Because the full panoply of rights due a defendant in a criminal prosecution does not apply to supervised release revocations, the court may consider hearsay evidence. See Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); United States v. Martin, 984 F.2d 308, 310-11 (9th Cir.1993); United States v. Walker, 117 F.3d 417, 420-21 (9th Cir.), cert. denied --- U.S. ----, 118 S.Ct. 394, --- L.Ed.2d ---- (1997). Nevertheless, in determining whether the admission of hearsay evidence violates the releasee's right to confrontation, the trial court must balance the releasee's right to confront and cross-examine adverse witnesses against the government's good cause for denying it. See Morrissey, 408 U.S. at 489; Martin, 984 F.2d at 310. The revocation process is a narrow inquiry which should be flexible enough to consider evidence including letters, affidavits, and other documentary materials that may not be admissible in a criminal trial. See Morrissey, 408 U.S. at 489. However, the trial court must consider the traditional indicia of reliability bourne by the evidence. See Martin, 984 F.2d at 310. Due process and confrontation clause violations at a revocation hearing are subject to harmless error analysis. See Walker, 117 F.3d at 420-21 (9th Cir.1997).
 
 
 5
 Here, the government provided documentary evidence that Herrera was detained at a San Diego port of entry after attempting to cross the United States border under a false name and false claim of U.S. citizenship. Although the district court failed to balance Herrera's right to confront against the government's good cause for not providing the testimony of the declarant, given the reliability of the documentary evidence, the error was harmless. See Walker, 117 F.3d at 420-21. Moreover, to warrant relief, Herrera must show that he was prejudiced by the trial court's error. See id.; Martin, 984 F.2d at 311. Herrera did not challenge the reliability of the report nor did he offer any contrary evidence of his legal reentry into the country. Thus, any error by the district court's failure to apply the balancing test was harmless. See id. at 311; Walker, 117 F.3d at 420-21.
 
 
 6
 Herrera also contends that because the district court relied solely upon the allegations in the complaint and the indictment, there was insufficient evidence to establish that he violated the terms of his supervised release. We disagree.
 
 
 7
 To revoke Herrera's supervised release, the district court merely needed to find by a preponderance of the evidence that Herrera was deported after his release from custody and that he later attempted to reenter the country illegally. See 18 U.S.C. § 3583(e)(3) (1985); United States v. Soto-Olivas, 44 F.3d 788, 792 (9th Cir.1995). Because the district court was provided with a report by the officer who seized Herrera at the United States border, in addition to testimony identifying Herrera as the same person placed on supervised release and then deported, the district court did not err by finding by a preponderance of the evidence that Herrera violated the terms of his supervised release. See Schmidt, 99 F.3d at 320.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Herrera moves to strike the government's supplemental excerpt of record, arguing that documents 5-17 and 21-34 were not part of the record below, and thus should not be considered by this court on appeal. Because documents 5-17 were attached to the complaint filed in the district court and incorporated by reference therein, they were part of the record below. See Fed.R.App. p. 10(a). Because documents 21-34 were not relied upon by this court, Herrera's remaining request is moot