UNITED STATES of America,
Plaintiff,

v.

Douglas STUMPF, Defendant.

United States of America, Plaintiff,

v.

Steven Denton, Defendant.

Nos. CR–S–95–023–PMP(RLH),
CR–S–96–004–PMP(RLH).

United States District Court,
D. Nevada.

May 31, 1999.

Joseph E. Sullivan, Assistant United States Attorney, United States Attorney's Office, Las Vegas, NV, for plaintiff.

Leslie J. Fatowe, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for defendant.

## ORDER RE SWEAT PATCH TESTING

PRO, District Judge.

Before the Court for consideration is Defendant Douglas Stumpf's Motion In Limine to Exclude the Admissibility of Sweat Patch Test Results (# 256), filed July 7, 1998. On July 6, 1998, Defendant Steve Eric Denton joined in Defendant Stumpf's Motion, and the above-referenced actions were consolidated for purposes of considering Defendants' Motion In Limine (# 261).

### BACKGROUND

Defendants Douglas Stumpf and Steve Denton are both currently on supervised release by the United States Department of Probation. Both Defendants are subject to Petitions seeking to revoke their supervised release based on allegations that each has used methamphetamine during their periods of supervision.

According to the Petition filed by the United States Department of Probation, Defendant Stumpf tested positive for use of methamphetamine for the periods March 27 to April 3, April 3 to April 9, April 9 to April 20 and June 8 to June 14, 1998. Defendant Denton allegedly tested positive for methamphetamine for the periods April 29 to May 6, May 6 to May 12, May 12 to May 18, May 18 to May 28, and May 28 to June 2, 1998. The positive test for methamphetamine as to both Defendants Stumpf and Denton have derived from PharmChem sweat patches, the results of which constitute the Government's

primary evidence of methamphetamine use by Stumpf and Denton. After several delays, an evidentiary hearing regarding Defendants' Motion In Limine was conducted on January 15, 1999. The Government's Post Hearing Memorandum (# 281), was filed February 10, 1999, Defendants' Post Hearing Memorandum (# 283) was filed February 23, 1999, and the Government's Reply Memorandum (# 290) was filed March 12, 1999, in accordance with the briefing schedule established by the Court. The matter is now ripe for decision.

## DISCUSSION

Defendants' Motion In Limine (# 256) seeks to exclude sweat patch test results as scientifically unsound and inadmissible pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

■ The Federal Rules of Evidence do not apply to supervised release revocation proceedings. F.R.E. 1101(d)(3). *See U.S. v. Walker,* 117 F.3d 417, 420 (9th Cir.1997). Nevertheless, courts have consistently held that adverse action regarding a defendant's status on probation, parole or supervised release must be based on reliable evidence. *See Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *U.S. v. Martin,* 984 F.2d 308 (9th Cir.1993).

■ The Court directed counsel to address the issue of whether the standards for admission of scientific evidence announced by the United States Supreme Court in *Daubert* are applicable in a supervised release revocation proceeding where the Federal Rules of Evidence do not apply. The parties have been unable to locate a case which specifically addresses this issue, as has the Court. The Court is satisfied, however, that even without invoking its responsibility under Rule 104(a) of the Federal Rules of Evidence to screen scientific evidence in order to keep unreliable evidence out of the courtroom, adher-

ence to a standard of reasonable reliability of evidence utilized in supervised release revocation hearings suggests that the Court may properly look to *Daubert* for guidance rather than mandate when assessing the reliability of scientific evidence. Doing so, this Court finds that the PharmChem sweat patch drug testing and retention device utilized by the United States Department of Probation during the periods in question for Defendants Stumpf and Denton were indeed reliable and may properly be used as a basis for action regarding the status of each Defendant on supervised release.

Under Title 18, United States Code, Section 3583(e)(3), the Court must apply a preponderance standard in determining whether the Government has met its burden of establishing the violations of supervised released alleged in the Petitions against Defendants Stumpf and Denton. The testimony adduced at the evidentiary hearing conducted January 15, 1999, clearly supports the finding that the PharmChem sweat patch test results are reliable. Specifically, the testimony of Neil Fortner and Dr. Edward Cone establishes that the PharmChem sweat patch has been subjected to a variety of tests by different organizations and has proven to be highly reliable as a test for the use of cocaine in particular, and there is no sufficient evidence suggesting that the results for methamphetamine would be any different. Further, although the sweat patch is a relatively new device and of limited interest to the scientific community, it has been the subject of several peer review articles and the technique of testing for the presence of drugs in the human body through excretions of perspiration have been generally found to be reliable. The evidence adduced at the hearing strongly suggests a very low potential rate of error and that the standards employed for applying, maintaining, removing and testing the sweat patch are sufficiently rigorous to assure reliability.

For the foregoing reasons, this Court finds by a preponderance of the evidence that the PharmChem sweat patch drug testing device is a reliable scientific method for testing for the presence of controlled substances, including methamphetamine, as it was utilized during the periods in question for Defendants Stumpf and Denton.

IT IS THEREFORE ORDERED that Defendants' Motion in Limine (# 256) is denied, and the results of the sweat patch tests for both Defendants are hereby received into evidence and shall be considered in determining whether the allegations set forth in the respective Petitions for action on supervised release have been met with respect to either Defendant.

IT IS FURTHER ORDERED that *U.S. v. Douglas Stumpf,* CR–S–95–023–PMP (RLH), and *U.S. v. Steven Denton,* CR–S–96–004–PMP (RLH) are hereby placed on calendar for further proceedings regarding the Petitions Re Supervised Release on ***THURSDAY, APRIL 8, 1999, AT 10:00 A.M.***