UNITED STATES of America,
Plaintiff–Appellee,

v.

Diana Lee NEVELL–TORREJON,
Defendant–Appellant.

No. 00–10209.

D.C. No. CR–96–00327–JMR.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided June 18, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,** District Judge.

MEMORANDUM ***

 The district court did not abuse its discretion in imposing a three-year term of supervised release.[1] Supervised release is appropriate "to provide drug or alcohol treatment or testing,"[2] from which Nevell's two positive drug tests and unsuccessful discharge from a drug treatment facility strongly suggest she would benefit. Nor did the district court abuse its discretion in considering hearsay "victim impact" statements, because the Federal Rules of Evidence do not apply[3] and those statements bore minimal indicia of reliability.[4]

AFFIRMED.

---

** Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Where probation is revoked, United States Sentencing Commission Guideline § 7B1.3 looks to §§ 5D1.1–1.3 as to the imposition of supervised release. In turn, § 5D1.1 provides that "[t]he court may order a term of supervised release to follow imprisonment [in any case where a sentence not more than one year] is imposed."

2. United States Sentencing Commission, Guidelines Manual, § 5D1.1, comment. (n. 1).

3. *United States v. Walker,* 117 F.3d 417, 420 (9th Cir.1997).

4. *United States v. Ayers,* 924 F.2d 1468, 1481 (9th Cir.1991).

