**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael L. O'CONNOR, Defendant–
Appellant.**

**No. 01–50603.**

**D.C. No. CR–97–01906–JNK.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002.*

Decided May 29, 2002.

Before FERNANDEZ, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM **

Michael L. O'Connor appeals the 7–month sentence imposed following the revocation of his supervised release, subsequent to his underlying sentence of 12–months imposed following a conviction for transporting illegal aliens in violation of 8 U.S.C. § 1324. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

O'Connor contends that 1) the district court failed to consider each of the applicable factors prior to imposing sentence; 2) the district court failed to state its reasons for imposing the sentence, in violation of 18 U.S.C. § 3553(c); and 3) the district court violated the Federal Rules of Evidence by acting as a witness during the revocation hearing. O'Connor failed to raise these objections in the district court; therefore, we review for plain error. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

O'Connor's first contention fails because a review of the record demonstrates the district court did consider the applicable factors as laid out in 18 U.S.C. §§ 3583(e) and 3553(a). *See United States v. Lockard,* 910 F.2d 542, 544 (9th Cir.1990) (as amended) (enumerating factors such as nature and circumstances of the violation, the need to deter criminal conduct, and the need for educational or vocational training, or medical care). Moreover, the sentence

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

was imposed in accordance with the applicable statutes and sentencing guidelines. *See* 18 U.S.C. § 3553(a)(4), (a)(5), (a)(6); U.S.S.G. §§ 7B1.3, 7B1.4.

O'Connor's second contention fails because the district court satisfied 18 U.S.C. § 3553(c) by explaining how it determined the relevant guideline range. *See Lockard*, 910 F.2d at 546 (explaining that district court satisfies § 3553(c) requirement of stating general reasons for imposing particular sentence by explaining how it determined relevant guideline range).

O'Connor's final contention also fails because the Federal Rules of Evidence do not apply to proceedings to revoke supervision. *See United States v. Walker*, 117 F.3d 417, 421 (9th Cir.1997); *see also United States v. Sustaita*, 1 F.3d 950, 952–53 (9th Cir.1993) (recognizing that a sentencing judge may rely on information which would not be admissible at trial). Moreover, the judge's comments concerning O'Connor's need for medical treatment did not constitute expert testimony. *See* 18 U.S.C. § 3553(a)(2)(D).

**AFFIRMED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.