F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TONYA STEVENS,

    Defendant-Appellant.

No. 04-5053

(D.C. No. 94-CR-162-H)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HOLLOWAY**, and **HARTZ**, Circuit Judges.

Defendant Tanya Stevens appeals the district court's decision to impose multiple

and consecutive terms of imprisonment for her admitted violations of supervised release.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

In March 1995, Stevens pled guilty to distribution of a controlled substance and

aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a); unlawful

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

sale and disposition of a firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); and possession of a firearm after former conviction of a felony, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). She was sentenced to concurrent terms of 70 months' imprisonment and 36 months' supervised release on each count. Stevens was released from confinement in January 2000 and began serving her concurrent terms of supervised release. In October 2001, the probation office filed a petition seeking revocation of her supervised release, alleging she had committed numerous violations of the conditions of her supervised release. Stevens admitted four of those violations, but sentencing was continued pending a term of inpatient and halfway house drug treatment.

In May 2002, the probation office filed a petition seeking revocation of her supervised release, alleging Stevens had failed to successfully participate in the drug treatment programs ordered by the district court and had tested positive for methamphetamine. Stevens admitted the allegations and was sentenced to concurrent terms of 18 months' imprisonment and 18 months' supervised release on each of the original counts of conviction.

In June 2003, Stevens completed the terms of imprisonment and began serving her terms of supervised release. On January 5, 2004, the probation office filed a petition seeking revocation of her supervised release, alleging she had violated the terms of her supervised release by possessing .14 grams of methamphetamine and a syringe. Stevens admitted the allegations.

Stevens objected to the probation office's recommendation that she be imprisoned for a term of 18 months. She argued that "[b]ecause the statute governing imprisonment following revocation of a term of supervised release (18 U.S.C. Sec. 3583(e)(3)) limit[ed] [her] exposure to 24 months imprisonment, and she ha[d] already served 18 months, a term of imprisonment of more than six months would violate the law."[1] ROA, Doc. 100 at 1. She further argued that the court could not get around this limitation by imposing multiple and consecutive terms of imprisonment because the probation office only sought revocation of a "term" of supervised release and it would be unconstitutional to "sentence her for violating three terms of supervised release." Id. at 4. Stevens argued that, since the petition filed by the probation office did not "name[] which term of supervised release [wa]s up for revocation," it "pose[d] a notice problem under the Sixth Amendment." Id. at 5. Stevens also argued the doctrine of judicial estoppel prevented the government from altering its previous position of treating her "terms of supervised release as a single unit." Id. at 6. The government agreed with Stevens that "the maximum term of imprisonment

---

[1] Section 3583(e)(3) provides in pertinent part:
The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if [the offense that resulted in the term of supervised release] is a class C or D felony.

3

for each revoked term of Supervised Release [wa]s six months," but asserted the district court had authority under 18 U.S.C. § 3584(a) "to impose concurrent or consecutive sentences upon revocation of concurrent terms of Supervised Release." Id., Doc. 101 at 4, 2. The government also noted that multiple terms of imprisonment, whether imposed as concurrent or consecutive terms, are treated for administrative purposes as a single aggregate term of imprisonment, citing 18 U.S.C. § 3584(c). With respect to her notice argument, the government responded that Stevens "wa[s] aware that there [we]re three terms of supervised release that c[ould] be revoked as she was present at her original sentencing," and "[d]ue to the fact that these sentences were originally imposed to run concurrent it [wa]s reasonable to understand that they [we]re all being addressed in th[e] [revocation] proceeding." Id. at 6. As for her judicial estoppel argument, the government argued the doctrine was inapplicable because "[t]here ha[d] not been inconsistent positions in this case." Id.

On April 2, 2004, the district court revoked Stevens' terms of supervised release and sentenced her to consecutive terms of six months' imprisonment on each of the three counts of conviction. In doing so, the district court stated: "A consecutive sentence was imposed in order to reflect the seriousness of the offense, to promote respect for the law, and to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant." ROA Vol. III at 8.

## II.

*Lack of notice*

On appeal, Stevens contends the government failed to provide adequate notice that it was seeking to revoke all three terms of supervised release and, in turn, that she would be subject to three separate sentences of imprisonment if the district court decided to revoke her terms of supervised release. In support of this contention, Stevens points to the pleading filed by the probation office on January 5, 2004, seeking revocation. She notes the reference in the pleading in a footnote recounting the background of her case that she was serving a "term" of supervised release. The effect of this language, Stevens argues, was to inform her "she was facing revocation of [only] one term of supervised release, not three." Aplt. Br. at 4. In other words, Stevens argues, "[s]he was never told that all three counts to which she had been initially sentenced to serve a term of supervised release were implicated by" the pleading filed by the probation office. Id.

A defendant facing a possible revocation of supervised release is entitled to certain minimum due process protections. See United States v. Chatelain, 360 F.3d 114, 121 (2d Cir. 2004); United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992); cf. Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (probation revocation); Morrissey v. Brewer, 408 U.S. 471, 480-82 (1972) (parole revocation). These minimum protections include, among other things, written notice of the claimed violation. See Morrissey, 408 U.S. at 489; cf. Fed. R. Crim. P. 32.1(b)(2) (incorporating minimum due process protections). We review de novo whether the

5

process actually afforded a criminal defendant comports with these minimum requirements.  See generally United States v. Tsosie, 376 F.3d 1210, 1213 (10th Cir. 2004) (applying de novo standard of review to question of law arising in connection with revocation of defendant's supervised release).

After examining the record on appeal, we conclude Stevens' arguments are meritless.  When the district court revoked Stevens' initial terms of supervised release on May 30, 2002, it sentenced her to 18 months' imprisonment and 18 months' supervised release on each of the original counts of conviction, with the sentences to run concurrently.  Significantly, the district court imposed identical conditions of supervision (both standard conditions and additional conditions) with respect to each term of supervised release.  Thus, when the probation office filed its pleading on January 5, 2004, alleging Stevens had violated several conditions of supervision, Stevens knew or reasonably should have known the alleged violations implicated not just one term of supervised release, but all three terms.  Although it is true, as asserted by Stevens, that the pleading filed by the probation office erroneously stated she was serving a "term" of supervised release at the time of the alleged violations, there is no dispute that the pleading filed by the probation office provided Stevens with adequate notice of her alleged misconduct, and it is likewise uncontroverted that Stevens ultimately admitted the truth of those allegations.  In sum, we conclude the pleading filed by the probation office satisfied the minimum due process requirement of providing Stevens with notice of the

alleged violations, and in turn Stevens knew or reasonably should have known that the district court could revoke all three terms of supervised release if it found the alleged violations to be true.

Even if we were to assume the pleading filed by the probation office was inadequate to satisfy the minimum due process standards, it is apparent that any resulting error was harmless. See Fed. R. Crim. P. 52(a) (indicating "[a]ny error . . . that does not affect substantial rights must be disregarded"); see generally United States v. Walker, 117 F.3d 417, 420-21 (9th Cir. 1997) (holding due process violations related to revocation of supervised release were subject to harmless error review). As noted, Stevens was convicted of three separate criminal violations, sentenced to concurrent terms of imprisonment and supervised release on those convictions, and her admitted conduct violated the conditions of each of the terms of supervised release. Thus, Stevens knew or reasonably should have known that each of the terms of supervised release could (and indeed would) be revoked if the district court determined she violated the conditions of her terms of supervised release. Moreover, we note that Stevens fails to discuss what she would have done differently if the pleading filed by the probation office had correctly indicated she was serving multiple terms of supervised release rather than a single "term."

*Judicial estoppel*

Stevens contends the government should be judicially estopped from arguing that she violated, and thus is subject to revocation of, multiple terms of supervised release. In

7

support of this argument, Stevens asserts the probation office and the prosecution have repeatedly and consistently treated her "terms of supervised release as a single unit, presumably since they were related." Aplt. Br. at 7.

The doctrine of "[j]udicial estoppel bars a party from adopting inconsistent positions in the same or related litigation." United States v. 162 MegaMania Gambling Devices, 231 F.3d 713, 726 (10th Cir. 2000) (internal quotations omitted). In other words, it "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (internal quotations omitted).

Although this circuit has historically rejected application of the doctrine, see 162 MegaMania, 231 F.3d at 726, the Supreme Court in New Hampshire recently indicated it is applicable in federal court. 532 U.S. at 749-51. According to the Court, "several factors typically inform the decision whether to apply the doctrine [of judicial estoppel] in a particular case." Id. at 750. "First, a party's later position must be 'clearly inconsistent' with its earlier position." Id. "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." Id. (internal quotations omitted). "A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not

8

estopped." Id. at 751.

This court has not addressed the appropriate standard for reviewing a district court's decision of whether to apply the doctrine of judicial estoppel. This is most likely because, as noted, we have historically rejected application of the doctrine. The majority of circuits that have addressed the standard of review question, however, have adopted an abuse of discretion standard. See Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 30-31 (1st Cir. 2004); Jaffe v. Accredited Sur. & Cas. Co., 294 F.3d 584, 595 n.7 (4th Cir. 2002); In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999); Talavera v. Sch. Bd. of Palm Beach County, 129 F.3d 1214, 1216 (11th Cir. 1997); McNemar v. Disney Store, Inc., 91 F.3d 610, 616-17 (3d Cir. 1996); Data Gen. Corp. v. Johnson, 78 F.3d 1556, 1565 (Fed. Cir. 1996); United States v. Garcia, 37 F.3d 1359, 1367 (9th Cir. 1994); see also Leonard v. Southwestern Bell Corp. Disability Income Plan, 341 F.3d 696, 700 (8th Cir. 2003) (discussing, but ultimately finding it unnecessary to decide, what standard of review to apply); but see Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894, 897 (6th Cir. 2004) (applying a de novo standard).

We need not decide here which standard of review should apply because Stevens' judicial estoppel argument would fail under either standard. A review of the record on appeal indicates the government has not, in fact, taken inconsistent positions in Stevens' case. At worst, the government has, at times, carelessly and erroneously referred to Stevens serving a "term" of supervised release rather than correctly noting she has at all

9

times served three concurrent terms of supervised release. Notably, however, there is no indication that these errors have operated in the government's favor or to the detriment of Stevens. Nor has Stevens established how recognition of the true facts would unfairly operate to her detriment. In sum, none of the relevant factors cited by the Supreme Court in <u>New Hampshire</u> are present in this case.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

10