UNITED STATES of America,
Plaintiff–Appellee,

v.

Pedro CERVANTES–AGUINAGA,
Defendant–Appellant.

No. 04–10509.
D.C. No. CR–01–00005–EHC.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted June 17, 2005.\*

Decided June 22, 2005.

Before REAVLEY,\*\* T.G. NELSON and RAWLINSON, Circuit Judges.

### MEMORANDUM\*\*\*

The district court did not abuse its discretion by admitting seven exhibits offered by the government in Cervantes–Aguinaga's supervised release revocation hearing. The booking photos, court records, booking sheet, and fingerprint card were all public records that bore the indicia of reliability—which was uncontested. *See*

*United States v. Walker,* 117 F.3d 417, 420 (9th Cir.1997).

In supervised release revocation proceedings, defendants "are entitled to certain minimal due process requirements," such as "the right to confront and cross-examine witnesses." *Id.* (citations omitted). However, "the Federal Rules of Evidence do not apply in supervised release revocation proceedings." *Id.* (citations omitted). In weighing the defendant's right to confrontation against the government's need to put on evidence, the district court may consider the "importance of the evidence to the court's finding, the [defendant's] opportunity to refute the evidence, and the consequences of the court's finding," as well as "the difficulty and expense of procuring witnesses" and the "traditional indicia of reliability borne by the evidence." *Id.* (citations, internal quotation marks, and alteration omitted).

The FBI Rap Sheet was admitted to show that the probation office had been notified of Cervantes–Aguinaga's law enforcement contacts and that the probation office had acted on such notice to begin searching for documentation to substantiate the notice. The rap sheet was not admitted to prove Cervantes' criminal history, and it was not hearsay. FED. R. EVID. 801(c) ("Hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted."). AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

\*\* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. Rule 36–3.