**NOT FOR PUBLICATION**

MAY 24 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30219 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00085-RSM-1 |
| v. | |
| DOUGLAS SPINK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted May 2, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Douglas Spink, who pled guilty to drug trafficking, challenges various

components of his evidentiary hearing and sentencing for violating the conditions

of his supervised release. Specifically, Spink challenges the district court's (1)

denialof his motion to exclude evidence related to the internet; (2) reliance on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

internet-related evidence when fashioning his sentence; (3) imposition of a
36-month sentence of incarceration and two additional years of supervised release;
(4) imposition of additional supervised release conditions relating to computer use;
(5) determination that Spink violated his supervised release conditions by
committing a new crime under the Washington statute about animal cruelty; and
(6) denial of his post-judgment motion to return seized property. We affirm.

1. The district court's denial of Spink's motion to exclude website
evidence is reviewed for abuse of discretion. *See United States v. Sutcliffe*, 505
F.3d 944, 958 (9th Cir. 2007). The "Federal Rules of Evidence do not apply in
supervised release revocation proceedings." *United States v. Walker*, 117 F.3d
417, 420 (9th Cir. 1997) (internal quotation marks omitted). However, the court's
determination that Spink violated his supervised release conditions must be based
on "credible evidence" and "verified facts," and "cannot stand on erroneous
information." *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008)
(internal quotation marks and citation omitted). When authenticity is an issue, the
connection between a defendant and text he is alleged to have authored may be
proven by circumstantial or direct evidence. *United States v. Black*, 767 F.2d
1334, 1342 (9th Cir. 1985).

Here, there was ample evidence linking Spink to the animal websites and to the screen name "Fausty" that was used in the online postings, including photos of Spink and his animals on the websites, items labeled "Fausty" found in Spink's home, and a sworn affidavit from one of Spink's associates. The website evidence had sufficient foundation, reliability, credibility and corroboration to be considered in the evidentiary hearing. Moreover, Spink had a "fair and meaningful opportunity to refute or impeach" the evidence and to cross-examine witnesses about it. *See Perez*, 526 F.3d at 548 (internal quotation marks and citation omitted). The district court carefully considered and rejected Spink's arguments about attribution, and did not abuse its discretion in denying the motion to exclude website evidence. *See Black*, 767 F.2d at 1342.

2.  For the same reasons that the website evidence was properly considered in the evidentiary hearing, it was properly considered at the sentencing hearing. District courts have broad discretion at sentencing, can consider a wide range of information that could not otherwise be used at trial, and are not bound by the Rules of Evidence. *See* 18 U.S.C. § 3661; *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009). Here, the district court could consider the website evidence in fashioning Spink's sentence.

3.     In reviewing a sentence, the court first considers "whether the district court committed significant procedural error" and, if it did not, then considers "the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).  We review claims of procedural error for abuse of discretion, *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010), even where an objection was not raised in district court, *United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010) (explaining that plain error review does not apply where question presented "is purely one of law" and the failure to raise claims of procedural error in the district court does not prejudice the opposing party).

In general, a district court commits procedural error when it fails to calculate, or calculates incorrectly, the Guidelines range.  *Carty*, 520 F.3d at 993. The district court committed procedural error by failing to state the applicable Guidelines range on the record.  However, even procedural error may be "harmless . . . where the requirements of *Gall* and *Carty* are met."  *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011).  Here, the requirements of *Carty* are met because the totality of the record indicates that the district court was aware of the sentencing guidelines range, which was (and remains) undisputed by the parties and was specifically referenced in the Pre-Sentencing Report and by

4

counsel for both sides at the sentencing hearing. *See Carty*, 520 F.3d at 992-93. In this context, the procedural error does not warrant reversal.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, Spink's sentence of thirty-six months incarceration and two more years of supervised release was not unreasonable. It is supported by the nature and vast extent of Spink's supervised release violations. In addition, the district court considered the "extraordinary break" that Spink had received on his sentence for his underlying drug conviction, which is a factor specifically set forth in USSG § 7B1.4 as a basis for a higher sentence for violating supervised release conditions. Under the totality of the circumstances, Spink's sentence and release conditions were within the district court's considerable discretion.

4. Spink challenges the district court's imposition of supervised release conditions related to computer use, which is reviewed for abuse of discretion.

*United States v. Johnson*, 998 F.2d 696, 697 (9th Cir. 1993).[1]  Spink's violations of supervised release were related to, and furthered by, his computer use.  The computer-related conditions imposed by the court were reasonably related to the goals of deterrence and rehabilitation, and involve no greater deprivation of liberty than reasonably necessary.  *See* 18 U.S.C. § 3583(d); *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003).  The district court did not abuse its discretion in imposing these conditions.

5.      Spink has waived his constitutional challenge to the Washington animal cruelty statute, Wash. Rev. Code § 16.52.205(1)–(3), because the record reflects that he knew about the challenge he is now making on appeal and he specifically decided not to present it to the district court.  Moreover, he has not established that the court violated his due process rights or otherwise erred in finding that he committed the Washington state crime of animal cruelty, thereby violating the conditions of his supervised release.  In any case, the animal cruelty crime was just one of many violations supporting Spink's sentence.

---

[1]  Before the district court, Spink objected to "software monitoring his computer usage, copying his computer data, and inspecting his computer."  The government asserts that this objection did not cover all of the computer conditions, and therefore only plain error review applies to conditions numbers 13 and 15, with the rest being reviewed for abuse of discretion.  *See United States v. Vega*, 545 F.3d 743, 746 (9th Cir. 2008).  We decline to resolve this issue because, under either standard of review, all the conditions would be upheld.

6

6.      To invoke appellate review of a final order from the district court, a timely notice of appeal must be filed in accordance with Rule 4 of the Federal Rules of Appellate Procedure.  *United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007).  Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires that a notice "designate the judgment, order, or part thereof being appealed."  Although Rule 3 is construed liberally, "noncompliance is fatal to an appeal."  *Smith v. Barry*, 502 U.S. 244, 248 (1992).

The denial of Spink's motion for return of property is not properly before this court.  The notice of appeal was filed on July 20, 2010.  Spink did not file his post-judgment motion for return of seized property until August 24, 2010.  The district court denied the motion on September 15, 2010, and Spink never filed a notice of appeal from that order.  Accordingly, the denial of his motion is not properly before the court.

**AFFIRMED**.