**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10190 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-02684-RCC-CRP-2 |
| v. | |
| ESTEBAN BANUELOS ARMENTA, Jr., AKA Esteban Banuelos-Armenta, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Submitted March 15, 2016[**]
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and HELLERSTEIN,[***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Esteban Banuelos-Armenta, Jr., appeals the revocation of his supervised release. We review for abuse of discretion and affirm.[1] *United States v. Harvey*, 659 F.3d 1272, 1274 (9th Cir. 2011).

While on supervised release for a federal conviction, Armenta was arrested for, and pleaded guilty to, committing a state crime. After Armenta served his sentence for the state crime, he was transferred directly to federal custody for an evidentiary hearing on the government's petition to revoke Armenta's supervised release (based on his commission of the state crime—a violation of his conditions of release). Armenta asserted that the government failed to prove he was the same man who committed the state crime. In particular, Armenta objected to the district court's admission of a printout from the Arizona Department of Corrections' website ("ADOC pen pack abstract") to prove that Armenta pleaded guilty to, and served time for, the state crime. Armenta also sought to compel discovery of the identities of the victims in the state crime to prove that a different man with the same name as Armenta committed the state crimes. Armenta's arguments are without merit.

---

[1] Armenta's Motion to Strike Addendum and All Arguments Based Upon Addendum is denied.

1.      The district court did not violate due process by admitting the ADOC pen pack abstract, because the evidence was reliable. *See United States v. Walker*, 117 F.3d 417, 420 (9th Cir. 1997) (trial court's failure to conduct balancing test was harmless error "given the reliability of the evidence"). The ADOC pen pack abstract merely confirmed the information the district court had already learned from certified documents and witness testimony. In addition, the ADOC pen pack abstract was likely admissible under the public records exception to hearsay. *See id.* at 421 (citing Fed. R. Evid. 803(8)). Finally, Armenta has not shown that he was prejudiced by the admission. *See id.* Armenta does not contend that the ADOC pen pack abstract contained inaccurate information or that he did not commit the state crime reflected therein. Nor could he. As demonstrated by certified documents and witness testimony, Armenta pled guilty to the state crime and was transferred directly from state to federal custody, such that there could be no doubt that the man who pled guilty to the state crimes was the man sitting at the federal revocation hearing.

2.      The district court did not plainly err by denying Armenta's motion to compel discovery of victim identities. *See* Fed. R. Crim. P. 59(a), 52(b) (failure to preserve an objection at the district court limits our appellate review to plain error). Victim testimony regarding the state crime was immaterial to the revocation proceeding,

because Armenta had already pled guilty to the crime in state court. Thus, "the interest of justice d[id] not require the witness[es] [Armenta sought to subpoena] to appear." Fed. R. Crim. P. 32.1(b)(2)(C).

**AFFIRMED.**