

**FILED**

MAR 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30337 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:02-cr-00272-WFN-1 |
| ANTONIO FELICIANO CRAWFORD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted March 6, 2017[**]
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Defendant Antonio Feliciano Crawford appeals the judgment revoking his

supervised release and the 30-month within-Guidelines sentence imposed upon

revocation. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1.  Defendant first argues that the district court violated his Sixth Amendment and due process rights by admitting at the revocation hearing the written state-court testimony of a percipient witness who had testified against Defendant at his state-court criminal drug trial.  We have held that the Confrontation Clause of the Sixth Amendment does not apply to revocation hearings.  United States v. Hall, 419 F.3d 980, 985–86 (9th Cir. 2005).  But even if it did apply, there was no violation of Defendant's right of confrontation.  The witness was "unavailable" because he invoked his Fifth Amendment privilege.  United States v. Wilmore, 381 F.3d 868, 872 (9th Cir. 2004).  Defense counsel cross-examined the witness during the earlier trial, where Defendant had substantially the same motivation to cross-examine the witness.  See Crawford v. Washington, 541 U.S. 36, 53–54, 68 (2004) (requiring unavailability and a prior opportunity for cross-examination for admission of prior testimony in a criminal trial).  Because the admission of the witness' testimony did not violate Defendant's rights under the Confrontation Clause, it necessarily did not violate his more limited confrontation rights under the Due Process Clause.  United States v. Walker, 117 F.3d 417, 420 (9th Cir. 1997).

2.  The sentence was procedurally adequate and substantively reasonable.  The court correctly determined that Defendant had committed a Grade A violation

because his conduct was a controlled substance offense carrying a potential term of imprisonment longer than one year, making the sentencing range 24 to 30 months. U.S.S.G. §§ 7B1.1(a)(1)(A)(ii), 7B1.4(a). The district court adequately explained the sentence that it imposed, as required by 18 U.S.C. § 3553(c), and did not punish Defendant for testifying. Rather, the court imposed a sentence at the high end of the Sentencing Guidelines range because the court found that Defendant had testified untruthfully. Untruthful testimony is relevant to the sentencing factors that a district court must consider under § 3553(a), even if it does not result in an enhancement under U.S.S.G. § 3C1.1. See United States v. Mejia-Pimental, 477 F.3d 1100, 1108 (9th Cir. 2007) ("The district court had ample channels through which to address [the defendant's] lies . . .—not least its broad sentencing discretion under § 3553(a)."); see also 18 U.S.C. § 3553(a)(1) (listing "the history and characteristics of the defendant" as a factor to be considered in setting a sentence); id. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); U.S.S.G. § 1B1.4 (similar). We find no error.

**AFFIRMED.**