**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> LORENZO TUCKER, <br><br> Defendant-Appellant. | No.  17-10146 <br><br> D.C. No. <br> 2:08-cr-00025-KJD-CWH-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted December 18, 2018[**]
San Francisco, California

Before:  CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

After a jury verdict, Lorenzo Tucker was sentenced to 96 months of

imprisonment and 3 years of supervised release for unlawful possession of a

firearm by a previously convicted felon.  During his supervised release, the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Probation Department submitted multiple petitions alleging that Tucker violated the terms of his release. Following a contested revocation hearing, the district court found that Tucker committed all of the alleged violations, except one of the alleged incidents of child abuse, and sentenced him to 18 months' imprisonment followed by 18 months' supervised release.

On appeal, Tucker claims that the government violated his due process rights by not providing adequate notice of the new crimes that he committed while on supervised release. We review de novo a defendant's claim of insufficient notice in violation of the due process rights incorporated by Fed. R. Crim. P. 32.1. *United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998). A due process violation at a revocation proceeding is also subject to harmless error analysis. *See, e.g.*, *United States v. Walker*, 117 F.3d 417, 420–21 (9th Cir. 1997). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.[1]

The government likely provided Tucker with adequate notice of the alleged violations. The petitions stated the charged offenses—child abuse and forgery—and included a detailed description of the alleged violations including dates and locations. Unlike the situation in *Havier*, 155 F.3d at 1093, on which

---

[1] Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Tucker relies, here, the notice identified the specific offenses. *See United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir. 1989).

Moreover, even if there were some deficiency in the notice provided to Tucker, he has failed to show any prejudice. *See Walker*, 117 F.3d at 420–21 (holding that "to warrant relief, Walker must show that he was prejudiced by the trial court's error"). At his initial appearance, the district court asked Tucker if he understood one of the charges against him was that he "committed the crime of child abuse by beating [his] son with a belt," to which Tucker responded: "Okay. I understand that's the charge in the petition." As to the forgery charge, the petition clearly alleged that Tucker filed and signed an "Affidavit for Dismissal" which contained the purported signature of his probation officer, and the district court found that Tucker had intended to defraud. At the revocation hearing, defense counsel was able to argue that the petition failed to allege the specific statutes he violated with respect to child abuse and forgery. Tucker has not explained what he would have done differently had he received written notice of the specific statutes. If there was error, it was harmless.

The district court's revocation of Tucker's supervised release is **AFFIRMED**.

3