NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>VICTOR CHARLES FOURSTAR, Jr.,<br><br>        Defendant-Appellant. | Nos.   19-30289<br>            20-30157<br><br>D.C. No. 4:02-cr-00052-DLC-1<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted May 18, 2021**

Before:      CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

In Appeal No. 19-30289, Victor Charles Fourstar, Jr., appeals from the

district court's order denying his request for a recommendation to be placed in a

residential reentry center ("RRC").  In Appeal No. 20-30157, Fourstar appeals

from the district court's July 21, 2020, judgment revoking supervised release.  We

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

dismiss Appeal No. 19-30289 as moot. We have jurisdiction over Appeal No. 20-30157 under 28 U.S.C. § 1291, and we affirm.

In Appeal No. 19-30289, the sole issue presented is whether the district court abused its discretion in denying Fourstar's request for a recommendation to be placed in an RRC for the remainder of his sentence. Because Fourstar has finished serving that sentence, we can provide no effective relief as to the claim raised, and we dismiss this appeal as moot. *See Spencer v. Kemna*, 523 U.S. 1, 14 (1998).

In Appeal No. 20-30157, Fourstar contends that the district court violated his due process right to confrontation by admitting hearsay evidence at his fifth revocation hearing without conducting the balancing test required by Federal Rule of Criminal Procedure 32.1(b)(2)(C). Reviewing de novo, we conclude that any error was harmless. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). Fourstar does not contest the accuracy or reliability of the challenged documents, nor did he offer any contrary evidence. *See United States v. Walker*, 117 F.3d 417, 420-21 (9th Cir. 1997).[1] Moreover, the district court's decision to revoke supervised release is also supported by two additional violations that did not rely

___

[1] Fourstar urges us to overrule *Walker* and hold that the Federal Rules of Evidence apply at supervised release revocation proceedings. Even if we were inclined to do so, as a three-judge panel, we cannot. *See Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).

upon the challenged documents.  *See United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir. 2000) ("Supervised release can be revoked based upon only one violation.").

**APPEAL NO. 19-30289:  DISMISSED.**

**APPEAL NO. 20-30157:  AFFIRMED.**