Submitted May 28, affirmed July 30, petition for review denied November 26, 2008
(345 Or 418)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KENNETH SHAW JOHNSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
020633734; A133323

190 P3d 455

Peter Gartlan, Chief Defender, Legal Services Division, and Ryan T. O'Connor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Ortega, Judge, and Carson, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals a judgment revoking his probation. He assigns error to the trial court's admission of hearsay evidence at his probation revocation hearing. According to defendant, the admission of that evidence violated his due process right to confront witnesses against him under the Fourteenth Amendment to the United States Constitution as articulated by the Supreme Court in *Gagnon v. Scarpelli*, 411 US 778, 93 S Ct 1756, 36 L Ed 2d 656 (1973), and *Morrissey v. Brewer*, 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972). The state responds that the challenged evidence was admissible under the official records exception to the hearsay rule, OEC 803(8), and that, because the evidence was reliable and uncontradicted, its admission was not constitutionally proscribed. We agree with the state and affirm.

The relevant facts are not in dispute. In July 2002, defendant was convicted of first-degree criminal mistreatment. At sentencing, the trial court placed defendant on probation for 36 months. The court imposed general and special conditions of probation, including the requirement that defendant "report as required and abide by the direction of [his probation officer]" and that he advise his probation officer of his current address. In January 2005, the court found defendant in violation of his probation and extended his probation to July 17, 2006.

On June 21, 2006, defendant's probation officer attested in a sworn affidavit that, on June 10, defendant had been arrested and taken into custody for assault after a domestic altercation with his wife. The affidavit stated that, after his release from custody on June 14, defendant reported to his probation officer, who instructed defendant not to return to his residence and forbade him from contacting his wife. The probation officer also averred that he had directed defendant to report to him the next day, June 15, to inform the probation officer where defendant would be staying; that defendant did not report the next day; and that, as of June 21, the probation officer did not know defendant's whereabouts.

Based on the probation officer's affidavit, the trial court issued a show cause order for the revocation of defendant's probation on the ground that defendant violated the conditions of his probation that he abide by his probation officer's directives and provide his address. The court also issued a bench warrant for defendant's arrest. Neither the state nor the probation officer appeared on the originally scheduled hearing date, and the court set the hearing over until the next day. When the probation officer did not appear on that day either, the state offered his affidavit and, through the testimony of a supervising probation officer, the contents of defendant's probation file to establish that defendant had violated the conditions of his probation that he abide by his probation officer's directives and provide his address. Defendant objected on the ground that the affidavit and testimony regarding the file contents were hearsay, the admission of which would violate his confrontation rights under due process principles.

The court allowed the supervising probation officer to testify subject to defendant's "standing" objection. The witness testified that defendant's probation officer was not then under his direct supervision and that the probation officer's direct supervisor had told the witness that the probation officer had not appeared on the previous day because he was caught in traffic and that he was unable to attend on the current date because he was ill. The witness testified that he did not know how ill the probation officer was or whether he was able to testify by telephone.

The witness also read the contents of defendant's probation file into the record. The witness testified that the file showed that defendant had notice of the general and special conditions of his probation, including the condition that directed him to "report as required and abide by the direction of the [probation officer]," and the condition that he advise his probation officer of his current address. However, the file did not include a notation that the probation officer had told defendant to report back with a new address on June 15. The witness further testified that, when a probationer had a pending assault charge and resided with the alleged victim, the probation officer's practice was to order the probationer to refrain from contact with the victim and to report the next

day with a new address. According to the witness, the probation officer's affidavit and the absence of notes in a particular portion of the file nonetheless showed that defendant did not report back to the probation officer on June 15 as required. Finally, the witness testified that he had discussed the matter with defendant's previous probation officer, who did not "indicate that [defendant] ever reported back like he was supposed to."

Defendant offered no contrary evidence and, other than to point out the absence of a file note showing that the probation officer had instructed defendant to report on June 15, adduced no meaningful evidence to the effect that the contents of the probation officer's file were unreliable.

The trial court found that defendant had violated his probation. Although the court believed that there was sufficient nonhearsay evidence to establish the violations,[1] the court also considered the evidence contained in the probation officer's affidavit and his file and concluded that there was "sufficient evidence to find a violation." The court then revoked defendant's probation and sentenced him to a 16-month prison term, to be followed by a 36-month term of post-prison supervision.

On appeal, defendant argues that, in the absence of good cause for the state's failure to produce his probation officer as a witness, he had a right to confront the officer under the Fourteenth Amendment to the United States Constitution. According to defendant, the trial court's reliance on the hearsay statements of defendant's probation officer violated the Due Process Clause because it "deprived defendant of the opportunity to test the accuracy of the evidence against him. The state failed to demonstrate good cause for the [probation officer's] unavailability." The state responds that the evidence that the trial court relied on was taken from an official record, it entailed simple and straightforward factual assertions that a witness testified were consistent with the probation office's practice, and defendant did not offer any evidence

---

[1] On appeal, the state does not rely on that portion of the trial court's reasoning, nor do we.

contradicting those assertions of fact. Under those circumstances, the state argues, due process principles did not forbid the admission of the evidence.

Before turning to defendant's specific argument on appeal, we make two initial observations. First, defendant does not challenge the admissibility of the probation officer's affidavit, which incorporated by reference the officer's probation violation report, or the contents of the probation officer's file under the applicable rules of evidence. In the absence of a constitutional prohibition, and with an appropriate foundation, that evidence was admissible under OEC 803, which provides, in part:

> "The following are not excluded by ORS 40.455, even though the declarant is available as a witness:
>
> "* * * * *
>
> "(8) Records, reports, statements, or data compilations, in any form, of public offices or agencies, * * * setting forth:
>
> "(a) The activities of the office or agency;
>
> "(b) Matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, in criminal cases matters observed by police officers and other law enforcement personnel; or
>
> "(c) In civil actions and proceedings and against the government in criminal cases, factual findings, resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

Second, defendant does not rely on the confrontation right guaranteed by the Sixth Amendment to the United States Constitution. Any such argument was foreclosed by this court's decision in *State v. Gonzalez*, 212 Or App 1, 157 P3d 266 (2007). In that case, we considered whether the admission of hearsay evidence at a probation revocation hearing violated the defendant's Sixth Amendment confrontation right as articulated by the Supreme Court in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). We concluded that, because the Sixth Amendment

applies only to criminal trials, and a probation violation proceeding is not a criminal trial proceeding, the Sixth Amendment furnished no basis to exclude the challenged hearsay evidence. *Gonzalez*, 212 Or App at 4-5.

We rejected the defendant's argument that our conclusion was inconsistent with *Morrissey*. In that regard, we explained that the confrontation rights guaranteed by the Sixth and Fourteenth Amendments have different foundations:

> "In *Morrissey*, the Court concluded that, although the federal constitution does not grant a parolee the 'full panoply of rights' due a defendant in a criminal prosecution, the Due Process Clause of the Fourteenth Amendment does grant a parolee the right to confront witnesses in certain circumstances. The rights guaranteed by the Sixth Amendment and those guaranteed by the Due Process Clause of the Fourteenth Amendment are not coextensive, however. In this case, defendant's objection to the trial court was based solely on *Crawford* and the Sixth Amendment; he did not mention or rely on the Due Process Clause. Likewise, on appeal, defendant's sole contention is that '[t]he trial court erred in overruling defendant's objection to the hearsay testimony of defendant's probation officer in violation of *Crawford*.' We therefore do not address whether, or to what extent, the Due Process Clause may grant the right to cross-examine witnesses in a probation revocation proceeding."

*Gonzalez*, 212 Or App at 5-6 (internal citations omitted).

This case presents the opportunity to consider whether the Fourteenth Amendment, unlike the Sixth Amendment, proscribes the admission of hearsay evidence in a probation violation proceeding under the circumstances present here.

■■ In a probation violation proceeding, a probationer is entitled to certain due process protections, including "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey*, 408 US at 489 (stating the minimum requirements of due process for parole revocations); *see also Gagnon*, 411 US at 782 (applying the *Morrissey* standard to probation revocations). Less process is

due at a revocation hearing than during a criminal trial, and the trial court at a probation revocation hearing may consider documentary evidence that does not meet usual evidentiary requirements. *Morrissey*, 408 US at 489; *Gagnon*, 411 US at 789. For example, the trial court in a revocation proceeding may consider, where appropriate, "conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." *Gagnon*, 411 US at 782 n 5.

■     In cases on direct appeal involving the right to confrontation under *Morrissey*, the Ninth Circuit employs " 'a process of balancing the [probationer's] right to confrontation against the Government's good cause for denying it.' " *U.S. v. Martin*, 984 F2d 308, 310 (9th Cir 1993) (quoting *U.S. v. Simmons*, 812 F2d 561, 564 (9th Cir 1987)); *U.S. v. Comito*, 177 F3d 1166, 1170 (9th Cir 1999). Relevant factors in the balancing process include (1) the importance of the evidence to the court's finding; (2) the probationer's opportunity to refute the evidence; (3) the difficulty and expense of obtaining witnesses; and (4) traditional indicia of reliability borne by the evidence. *U.S. v. Walker*, 117 F3d 417, 420 (9th Cir 1997). Applying that test, the Ninth Circuit has concluded that the admission of hearsay evidence in the form of unauthenticated copies of state court criminal records does not violate a probationer's confrontation rights. In *United States v. Miller*, 514 F2d 41 (9th Cir 1975), the court upheld the trial court's admission of unauthenticated copies of state court criminal records, which showed that the defendant had been convicted of criminal offenses while on probation. Although the defendant objected to the introduction of the records at the revocation hearing, he did not challenge the accuracy of the information revealed by the records, nor did he offer any evidence to refute the asserted convictions. *Id.* at 42. Based on those facts, the court concluded that the unrefuted evidence was reliable and admissible under *Morrissey* and *Gagnon. Miller*, 514 F2d at 42-43. In *Simmons*, 812 F2d at 564-65, the Ninth Circuit likewise concluded that the admission of copies of hospital records in a probation revocation proceeding did not offend due process because they bore "traditional indicia of reliability" and were therefore admissible in light of the "diminished procedural protections which attach to a probation revocation proceeding."

In *Walker*, the defendant was convicted in federal court of using paper as money in violation of a federal statute. 117 F3d at 419. He was sentenced to probation under the supervision of a release officer, Salsedo. One of the conditions of his supervised release was that he obey all federal, state, and municipal laws. At a revocation hearing, a certified copy of a judgment of conviction and sentence by a California superior court was received into evidence. That document established that the defendant had been convicted of three counts of first-degree robbery and was serving a 12-year state sentence for the robbery convictions. At the revocation hearing, the government called a different release officer, Trusso, as a witness, instead of Salsedo. When Trusso was asked to testify from Salsedo's file, the defendant interposed a hearsay objection. The court overruled the objection. Trusso then testified that the defendant's term of supervised release had commenced on September 21, 1992, but had not expired when he was convicted in California superior court in 1993. The court credited Trusso's testimony, revoked the defendant's supervised release for violation of special conditions, and imposed a federal prison sentence for the violation. The appellate court observed that, "[i]n conducting the balancing test, the trial court may consider the importance of the evidence to the court's finding, the releasee's opportunity to refute the evidence, and the consequences of the court's finding." *Id.* at 420. The court noted that the trial court had failed to conduct a balancing test, but nevertheless affirmed, concluding that:

> "[G]iven the reliability of the evidence, the error was harmless. [Trusso] testified from records maintained by [Salsedo], and as [the defendant] concedes in his reply brief, the testimony was most likely admissible as a public records exception to hearsay under Federal Rule of Evidence 803(8). Moreover, to warrant relief, [the defendant] must show that he was prejudiced by the trial court's error. [The defendant] did not challenge the reliability of the evidence nor offer any contrary evidence. There is simply no reason to doubt the evidence regarding the date on which [the defendant's] supervised release began. Because of the reliability of the hearsay evidence, and the failure of [the defendant] to show prejudice, any error in failing to apply the balancing test was harmless."

*Id.* at 420-21 (internal citations omitted).

In *U.S. v. Hall*, 419 F3d 980 (9th Cir 2005), the court considered whether due process was satisfied when unsworn verbal allegations regarding two separate charges were admitted in a supervised release revocation proceeding. The court employed the balancing test in analyzing the first charge. *Id*. at 986. It determined that the defendant's interest in confronting the unsworn statements as to that charge was fairly low because there was sufficient nonhearsay evidence to sustain the charge, and the hearsay therefore added little to the ultimate finding.

The court then stated:

> "In addition, several pieces of evidence supporting the domestic violence allegation are admissible under hearsay exceptions. Although the Federal Rules of Evidence do not strictly apply to revocation hearings, long-standing exceptions to the hearsay rule that meet the more demanding requirements for criminal prosecutions should satisfy the lesser standard of due process accorded the respondent in a revocation proceeding."

*Id*. at 987 (citations omitted).

In contrast, the Ninth Circuit has employed the balancing test to find a due process violation resulting from the use of hearsay evidence at probation revocation proceedings where the evidence was critical to the determination at issue, the facts were contested, the form of the hearsay was the least reliable, and the source was questionable. *See Comito*, 177 F3d at 1170-71 (the admission of unsworn verbal statements by the probationer's ex-girlfriend, who claimed to be the victim of the offense, to find a probation violation constituted a due process violation because the evidence was "the least reliable type of hearsay").

All the Ninth Circuit cases, including those that, in part, have upheld the admission of evidence on the basis of hearsay exceptions, recognize the balancing test as the norm. None of those decisions has upheld, without conducting a balancing test, the admission of hearsay evidence solely on the ground that it fell within a well-established hearsay exception. Moreover, because the parties have not developed arguments in that regard, we decline to consider whether the admissibility of the challenged evidence under OEC 803(8),

which is a well-established exception to the hearsay rule,[2] might, standing alone, satisfy due-process-based confrontation demands.[3]

In the absence of a more clearly useful standard and because the parties have framed their arguments consistently with it, we apply the Ninth Circuit's balancing test to the record in this case to determine whether the admission of the challenged evidence violated defendant's due process right to confrontation. That test has the advantage of serving administrative flexibility, one of the primary goals of the revocation proceedings jurisprudence; it recognizes that well-established hearsay exceptions play an important role by increasing reliability and reducing the weight of the probationer's interest in the balance, and it helps ensure that revocation decisions are based on verified facts, while at the same time emphasizing the pragmatic factor of whether the challenged evidence was seriously controverted. *See, e.g., Valdivia v. Schwarzenegger*, 548 F Supp 2d 852 (ED Cal 2008).

■    Here, although the trial court failed to balance defendant's right to confront witnesses against the government's good cause for not providing the testimony of the declarant,

---

[2] *State v. Conway*, 70 Or App 721, 724, 690 P2d 1128 (1984).

[3] One factor to consider in examining the scope of the Fourteenth Amendment due process confrontation right in probation violation proceedings is that the Sixth Amendment right, because it pertains to criminal proceedings, necessarily has greater force. *Gagnon*, 411 US at 789; *Morrissey*, 408 US at 489. In *Crawford*, the Court held that the Confrontation Clause of the Sixth Amendment bars the admissibility in criminal trials of "testimonial" out-of-court statements by declarants who are not available to testify at trial unless the defendant has had a prior opportunity to cross-examine the declarant. 541 US at 50-52. In so holding, the Court disavowed its earlier decision, *Ohio v. Roberts*, 448 US 56, 100 S Ct 2531, 65 L Ed 2d 597 (1980), in which it had held that the admissibility of all hearsay evidence in criminal trials was conditioned on whether the evidence fell under "a 'firmly rooted hearsay exception' or bears 'particularized guarantees of trustworthiness.'" *Crawford*, 541 US at 60 (quoting *Roberts*, 448 US at 66). Thus, in *Crawford*, the Court concluded, "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." 541 US at 68-69. Despite its disavowal of *Roberts*, *Crawford* does not inform the issue of the appropriate role, if any, of well-established hearsay exceptions in the Fourteenth Amendment confrontation analysis.

we conclude that the court did not err in admitting the challenged evidence. Weighing against admission are the facts that the challenged evidence was important to the state's case, and the state made only a perfunctory showing as to why the probation officer did not appear to testify on two consecutive hearing days. The supervising officer's double hearsay testimony that defendant's probation officer was caught in traffic on the original hearing date and, without providing more detail, that he suffered from an unspecified illness on the second date, did not furnish very compelling excuses for the probation officer's absences.

However, the other factors militate strongly in favor of admitting the challenged evidence. First, the evidence bore several traditional earmarks of reliability. Not only was the evidence admissible under a well-established exception to the hearsay rule, but it also was cabined in a sworn affidavit that subjected its author to penalty for false swearing.°*Cf. Comito*, 177 F3d at 1171 (describing unsworn statements as least reliable form of hearsay). That is, all of the facts necessary to find a violation were included in the probation officer's report, which was incorporated by reference into his sworn affidavit. Furthermore, as the state asserts, the facts were not complex; they were few and straightforward. The issues were (1) whether defendant knew of the conditions of his probation; (2) whether, following his release from jail, he was instructed by his probation officer to report his new address the next day; and (3) whether, in fact, he complied with that directive. The facts underlying those issues did not involve matters of opinion, interpretation, or nuance; either they happened or they did not. Moreover, the hearsay was partially corroborated by the testimony of the supervising probation officer, who testified that, when a probationer had a pending assault charge and resided with the alleged victim, the probation office's practice was to order the probationer to refrain from contact with the victim and to report the next day with a new address.

Second, and perhaps most important here, defendant had a full and fair opportunity to contest the challenged evidence, but he did not meaningfully do so. As was the case in *Walker*, that omission persuades us that defendant did not

suffer constitutionally cognizable prejudice by reason of the admission of the challenged evidence. *See Walker*, 117 F3d at 420-21.[4]

We conclude that the trial court did not err in admitting the challenged evidence on the ground that it violated defendant's Fourteenth Amendment due process right to confront the state's witnesses against him.

Affirmed.

---

[4] This case is distinguishable from *Comito*, a case on which defendant relies. In *Comito*, as discussed, the challenged hearsay consisted of unsworn assertions by defendant's former girlfriend relating to alleged abuse; those assertions bore no traditional indicia of reliability. 177 F3d at 1171. Moreover, unlike in this case, the defendant in *Comito* vigorously controverted the challenged evidence by adducing contradictory evidence. *Id.*