Argued and submitted May 28, reversed and remanded November 17, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TERRENCE LEE WIBBENS,
*Defendant-Appellant.*

Douglas County Circuit Court
08CR0400FE; A140035

243 P3d 790

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Katherine H. Waldo, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

SERCOMBE, J.

## SERCOMBE, J.

Defendant appeals a judgment revoking his probation for violating a condition of his probation. He assigns error to the trial court's admission of hearsay evidence at his probation revocation hearing, arguing that it violated his right to confront witnesses against him under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[1] In light of the unreliability of the hearsay evidence, the lack of good cause for denying confrontation, and the absence of other evidence to support the judgment, we conclude that the admission of the hearsay evidence violated defendant's constitutional right to due process. Therefore, we reverse.

Defendant pleaded no contest to a charge of unlawful possession of methamphetamine under ORS 475.894. As part of his plea agreement, defendant was placed on probation under the first-time drug offender statute, ORS 475.245, and entry of judgment was suspended pending successful completion of his term of probation. During that term, defendant was charged with using alcohol, in violation of the conditions of his probation. At the probation revocation hearing, a probation officer—Daniels—was the state's only witness:

"I was contacted by Douglas County Sheriff's Deputy Tilley by telephone. He told me that he was in contact with [defendant], that he smelled of alcohol. That he appeared to be intoxicated. I authorized him to detain [defendant] and transport him to the Douglas County Jail."

Defendant objected to the introduction of Tilley's hearsay statement:

"Your Honor, I'd object, not under hearsay grounds but under due process grounds and the [Fifth] and [Fourteenth] [A]mendments of the United States [C]onstitution. He's being asked to relay testimony that is absolutely crucial to the determination that the Court must make. It's not an observation that * * * Mr. Daniels made himself. It is hearsay and goes right to the heart of the matter before the Court. The reliability of the evidence that's being offered to

---

[1] The Fourteenth Amendment provides, in part, that "[n]o State shall * * * deprive any person of life, liberty, or property, without due process of law."

the Court is low enough that [defendant's] right to due process would be violated were it admitted."

The state argued that the statements had sufficient reliability, but did not explain why the declarant—Tilley—could not be present for the probation revocation hearing. The trial court allowed the admission of the hearsay evidence over defendant's objection.

Defendant denied the charge, but he did not testify or present any evidence at the hearing. Rather, at the close of the hearing, he argued that the state's evidence was insufficient:

"Your Honor, I'd ask the Court to consider whether the evidence is sufficient to establish the violation. We've heard almost nothing about how Deputy Tilley reached the conclusion he reached. We haven't heard, obviously, from Deputy Tilley himself, and didn't hear anything through Mr. Daniels about what the basis for the Deputy's conclusion was, and the state is asking, in effect, for entry of a felony conviction based upon this secondhand, very cursory claim that [defendant] used alcohol. I'd ask the Court to find that * * * the violation's not been established, and keeping in mind the fact that there is, perhaps, a constitutional issue as to accepting the evidence in the first place."

The trial court found that defendant had violated the conditions of probation and entered a judgment of conviction on the underlying offense.

■ On appeal, defendant argues that, under a balancing test adopted by the Ninth Circuit in *U.S. v. Comito*, 177 F3d 1166, 1170 (9th Cir 1999), his right to confrontation outweighs the government's cause for denying that right and that the evidence should have been excluded. Specifically, defendant contends that the hearsay statement of Tilley bore no indicia of reliability and was uncorroborated. Defendant concludes that, because his interest in confrontation is significant and there is no justification for denying confrontation—*i.e.*, the state has not shown good cause—his due process right has been violated by admission of the evidence. The state contends that defendant did nothing to challenge the accuracy of the hearsay evidence and therefore he cannot complain that he was denied an opportunity to challenge that

evidence. The state does not address the reliability of the hearsay evidence, the absence of the declarant, or the importance of the evidence to the trial court's disposition. For the reasons that follow, we agree with defendant.

 Although a probationer is afforded fewer procedural safeguards than a defendant in a criminal trial, some due process protections attach to probation violation proceedings. *Morrissey v. Brewer*, 408 US 471, 489, 92 S Ct 2593, 33 L Ed 2d 484 (1972) (articulating requirements for parole revocation hearings); *Gagnon v. Scarpelli*, 411 US 778, 782, 93 S Ct 1756, 36 L Ed 2d 656 (1973) (extending requirements to probation revocation proceedings). Those protections include "the right to confront and cross-examine adverse witnesses," unless the government shows good cause for not producing the witnesses. *Morrissey*, 408 US at 489. That right, at its core, requires that a probationer "receive a fair and meaningful opportunity to refute or impeach the evidence against him in order to 'assure that the finding of a [probation] violation will be based on verified facts.'" *U.S. v. Martin*, 984 F2d 308, 310 (9th Cir 1993) (citations omitted). Nonetheless, due process in this setting is a flexible concept and confrontation may give way where other evidence provides an adequate alternative: "While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in *Morrissey* intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." *Gagnon*, 411 US at 782 n 5.

 In order to determine whether admission of hearsay evidence at a probation revocation proceeding violates a probationer's right to confrontation, we have adopted the Ninth Circuit's balancing approach, which weighs the probationer's interest in confrontation against the government's good cause for denying it. *State v. Johnson*, 221 Or App 394, 401, 404, 190 P3d 455, *rev den*, 345 Or 418 (2008); *see also Comito*, 177 F3d at 1170 (explaining general principles and applying balancing test). The relevant factors in that analysis include "(1) the importance of the evidence to the court's finding; (2) the probationer's opportunity to refute the evidence; (3) the difficulty and expense of obtaining witnesses; and (4) traditional indicia of reliability borne by the evidence."

*Johnson,* 221 Or App at 401 (citing *U.S. v. Walker,* 117 F3d 417, 420 (9th Cir 1997)).

In *Johnson,* the defendant's probation was revoked for violating conditions of probation that required him to report to his probation officer, follow the officer's directions, and inform the officer of his current address. *Id.* at 396. At the probation revocation hearing, the state offered the defendant's probation officer's sworn affidavit, which attested to the defendant's failure to report and provide his address. The state also introduced the contents of the defendant's probation file through the testimony of another probation officer. *Id.* at 397. The defendant objected on the ground that the affidavit and testimony regarding the file were hearsay that, if admitted, would violate his due process right to confront witnesses against him. *Id.* The state, through its witness, asserted that the defendant's probation officer—*i.e.,* the author of the affidavit and probation file—could not be produced on the originally scheduled hearing date because he was "caught in traffic" and could not appear at the rescheduled hearing because he was "ill." *Id.* The trial court admitted the hearsay evidence over the defendant's objection. *Id.* at 398.

Applying the balancing test on appeal, we held that the defendant's Fourteenth Amendment due process right to confront adverse witnesses was not violated by admission of the hearsay evidence. *Id.* at 405-06. We explained that, although the challenged evidence was important to the state's case and the state made only a "perfunctory" showing of why the declarant was unavailable, several other factors militated in favor of admitting the evidence. *Id.* at 405. "First, the evidence bore several traditional earmarks of reliability. Not only was the evidence admissible under a well-established exception to the hearsay rule, but it was also cabined in a sworn affidavit that subjected its author to penalty for false swearing." *Id.* Second, we noted that the facts proved by the hearsay were "few and straightforward" and did not involve matters of opinion or interpretation. *Id.* Third, the hearsay was partially corroborated. *Id.* Lastly, we explained

that the defendant did not meaningfully challenge the evidence—thus, its admission did not prejudice him. *Id.* at 405-06.

Here, we begin, as we did in *Johnson*, by assessing the importance of the hearsay to the trial court's determination and the state's cause for not producing the hearsay declarant. It is clear that the hearsay was important—indispensable, in fact—to the state's case, as it was the sole evidence relied on by the trial court in finding that defendant violated the conditions of his probation. It is equally clear that the state did not make even a perfunctory showing of why the declarant, Tilley, could not be produced at the hearing. Tilley is a Douglas County Sheriff's Deputy, and the hearing was held in Douglas County Circuit Court. There is no basis to infer any excuse for his absence; the difficulty and expense of obtaining the witness was marginal at best. Therefore, as in *Johnson*, those factors weigh against admission of the hearsay evidence.

Beyond those factors, however, the present case is distinguishable from *Johnson* in almost all material respects. Tilley's unsworn oral allegation was hearsay that bore no characteristics of reliability. The statement was made during a telephone conversation. It was not contained in a report, affidavit, or other documentary substitute for live testimony. There is no recognized hearsay exception for the deputy's statement, and he is not subject to penalty if it proved to be false. *See Comito*, 177 F3d at 1171 ("Unsworn verbal allegations are, in general, the least reliable type of hearsay."). Moreover, the facts to be proved by the hearsay were based on Tilley's sensory perception ("he *smelled* of alcohol" and "he *appeared* to be intoxicated" (emphases added)). Unlike the facts in *Johnson*, they are matters that are subject to errors of judgment or interpretation. We know nothing about the bases for the deputy's factual conclusions or the context in which they were formed. Those observations are precisely the kind of unverified facts that the right to confrontation is designed to test. Furthermore, the hearsay evidence was not corroborated by any other source. So far as the record indicates, Tilley was the only person to observe defendant. There is no documentary evidence to support his conclusions.

Indeed, there is no other evidence in this case whatsoever. Thus, given the failure to explain the witness's unavailability and the unreliability of the evidence, it seems that "there is nothing at all to put on the Government's side of the scale." *Comito*, 177 F3d at 1172.

■ Finally, although defendant did not present any of his own evidence to contravene the facts underlying the hearsay statement, defendant did both deny the charge and contest the accuracy and reliability of the evidence when he argued that the trial court did not know the basis of the deputy's conclusion and that the evidence was therefore insufficient. Without the deputy's presence, he could do little more—he did not have a meaningful opportunity to refute the hearsay evidence. *See Martin*, 984 F2d at 311-12 (probationer who was found to have violated a condition of probation on the basis of urinalysis results was denied an opportunity to refute the evidence where only the person who collected the samples, and not anyone from the laboratory that tested the samples, testified at the hearing and the probationer was not permitted to independently test the samples). In any event, the state has the burden to prove the probation violation. Given that the sole evidence of a probation violation was Tilley's hearsay statement, the state could not have met its burden without the admission of the hearsay evidence. For that reason, the admission of the hearsay was not harmless. *See id*. at 311-14 (admission of urinalysis results to show probationer possessed controlled substances violated due process where the state presented no other evidence, the probationer denied using controlled substances, and the trial court exclusively relied on the test results in reaching its conclusion).

In light of the importance of defendant's interest in confrontation, and the absence of good cause for denying it, the balance weighs in favor of confrontation. Based on the *Johnson* factors, the admission of the hearsay evidence violated defendant's due process right to confront an adverse witness, and the trial court erred in admitting that evidence.

Reversed and remanded.