Submitted October 29, 2010, reversed and remanded January 5, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH MARTIN TERRY,
*Defendant-Appellant.*

Jackson County Circuit Court
081029DV; A140901

252 P3d 332

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals from a judgment revoking his probation, arguing that the trial court erred in denying his motion to exclude hearsay evidence offered through his probation officer on the ground that the admission of that evidence violated his due process right to confront witnesses. *State v. Johnson*, 221 Or App 394, 190 P3d 455, *rev den*, 345 Or 418 (2008). We agree with defendant, and reverse and remand.

The pertinent facts are few. The state filed a motion to revoke defendant's probation on the ground that defendant had violated a "no contact" order. At the hearing on the motion, defendant's probation officer, Hubbard, testified that he had "received a call from [the] Medford Police that [defendant] had been involved in a domestic dispute with his victim," and that he had received a follow-up call from that agency "that they had located [defendant] and he had admitted to violating his no contact provision."[1]

Defendant's counsel objected to the quoted testimony, arguing that it was hearsay and that its admission would violate defendant's right to confront the witnesses against him and, thus, it should be excluded under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The prosecutor replied, "[W]e have always had hearsay in these hearings. This is no different." The trial court denied defendant's motion. The prosecutor did not adduce any further evidence, and defendant did not cross-examine Hubbard. The trial court found that defendant had violated his probation and revoked it. This appeal followed.

We have recently summarized the state of the law in this area in *State v. Wibbens*, 238 Or App 737, 741-42, 243 P3d 790 (2010):

> "Although a probationer is afforded fewer procedural safeguards than a defendant in a criminal trial, some due process protections attach to probation violation proceedings. *Morrissey v. Brewer*, 408 US 471, 489, 92 S Ct 2593, 33

---

[1] Hubbard testified that he had received a police report detailing the incident, but that report was not offered or received into evidence.

L Ed 2d 484 (1972) (articulating requirements for parole revocation hearings); *Gagnon v. Scarpelli*, 411 US 778, 782, 93 S Ct 1756, 36 L Ed 2d 656 (1973) (extending requirements to probation revocation proceedings). Those protections include 'the right to confront and cross-examine adverse witnesses,' unless the government shows good cause for not producing the witnesses. *Morrissey*, 408 US at 489. That right, at its core, requires that a probationer 'receive a fair and meaningful opportunity to refute or impeach the evidence against him in order to "assure that the finding of a [probation] violation will be based on verified facts." ' *United States v. Martin*, 984 F2d 308, 310 (9th Cir 1993) (citations omitted). Nonetheless, due process in this setting is a flexible concept and confrontation may give way where other evidence provides an adequate alternative: 'While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in *Morrissey* intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence.' *Gagnon*, 411 US at 782 n 5.

"In order to determine whether admission of hearsay evidence at a probation revocation proceeding violates a probationer's right to confrontation, we have adopted the Ninth Circuit's balancing approach, which weighs the probationer's interest in confrontation against the government's good cause for denying it. *State v. Johnson*, 221 Or App 394, 401, 404, 190 P3d 455, *rev den*, 345 Or 418 (2008); *see also [United States v. Comito*, 177 F3d 1166, 1170 (9th Cir 1999)] (explaining general principles and applying balancing test). The relevant factors in that analysis include '(1) the importance of the evidence to the court's finding; (2) the probationer's opportunity to refute the evidence; (3) the difficulty and expense of obtaining witnesses; and (4) traditional indicia of reliability borne by the evidence.' *Johnson*, 221 Or App at 401 (citing *United States v. Walker*, 117 F3d 417, 420 (9th Cir 1997)).

"In *Johnson*, the defendant's probation was revoked for violating conditions of probation that required him to report to his probation officer, follow the officer's directions, and inform the officer of his current address. *Id.* at 396. At the probation revocation hearing, the state offered the defendant's probation officer's sworn affidavit, which

attested to the defendant's failure to report and provide his address. The state also introduced the contents of the defendant's probation file through the testimony of another probation officer. *Id.* at 397. The defendant objected on the ground that the affidavit and testimony regarding the file were hearsay that, if admitted, would violate his due process right to confront witnesses against him. *Id.* The state, through its witness, asserted that the defendant's probation officer—*i.e.*, the author of the affidavit and probation file—could not be produced on the originally scheduled hearing date because he was 'caught in traffic' and could not appear at the rescheduled hearing because he was 'ill.' *Id.* The trial court admitted the hearsay evidence over the defendant's objection. *Id.* at 398.

"Applying the balancing test on appeal, we held that the defendant's Fourteenth Amendment due process right to confront adverse witnesses was not violated by admission of the hearsay evidence. *Id.* at 405-06. We explained that, although the challenged evidence was important to the state's case and the state made only a 'perfunctory' showing of why the declarant was unavailable, several other factors militated in favor of admitting the evidence. *Id.* at 405. 'First, the evidence bore several traditional earmarks of reliability. Not only was the evidence admissible under a well-established exception to the hearsay rule, but it was also cabined in a sworn affidavit that subjected its author to penalty for false swearing.' *Id.* Second, we noted that the facts proved by the hearsay were 'few and straightforward' and did not involve matters of opinion or interpretation. *Id.* Third, the hearsay was partially corroborated. *Id.* Lastly, we explained that the defendant did not meaningfully challenge the evidence—thus, its admission did not prejudice him. *Id.* at 405-06."

*Id.* at 741-42.

In *Wibbens*, we concluded that the trial court had erred in allowing the defendant's probation officer to testify that he had received a telephone call from a sheriff's deputy who told him that the defendant "smelled of alcohol" and "appeared to be intoxicated," in violation of a condition of the defendant's probation prohibiting him from using alcohol. *Id.* at 739. Applying the *Johnson* factors, we began by holding that the evidence was indispensable to the state's case

because it was the "sole evidence relied on by the trial court in finding that defendant violated the conditions of his probation." *Id.* at 743. "It is equally clear," we explained, "that the state did not make even a perfunctory showing of why the declarant * * * could not be produced at the hearing." *Id.* With regard to the fourth *Johnson* factor—the reliability of the hearsay testimony—we concluded:

> "[The declarant's] unsworn oral allegation was hearsay that bore no characteristics of reliability. The statement was made during a telephone conversation. It was not contained in a report, affidavit, or other documentary substitute for live testimony. There is no recognized hearsay exception for the deputy's statement, and he is not subject to penalty if it proved to be false. * * * Moreover, the facts to be proved by the hearsay were based on [the declarant's] sensory perception ('he *smelled* of alcohol' and 'he *appeared* to be intoxicated.' * * * Unlike the facts in *Johnson*, they are matters that are subject to errors of judgment or interpretation. We know nothing about the bases for the deputy's factual conclusions or the context in which they were formed. Those observations are precisely the kind of unverified facts that the right to confrontation is designed to test. Furthermore, the hearsay evidence was not corroborated by any other source. So far as the record indicates, [the deputy] was the only person to observe defendant. There is no documentary evidence to support his conclusions. Indeed, there is no other evidence in this case whatsoever. Thus, given the failure to explain the witness's unavailability and the unreliability of the evidence, it seems that 'there is nothing at all to put on the Government's side of the scale.' *Comito*, 177 F3d at 1172.

> "Finally, although defendant did not present any of his own evidence to contravene the facts underlying the hearsay statement, defendant did both deny the charge and contest the accuracy and reliability of the evidence when he argued that the trial court did not know the basis of the deputy's conclusion and that the evidence was therefore insufficient. Without the deputy's presence, he could do little more—he did not have a meaningful opportunity to refute the hearsay evidence.* * * Given that the sole evidence of a probation violation was Tilley's hearsay statement, the state could not have met its burden without the admission

> of the hearsay evidence. For that reason, the admission of
> the hearsay was not harmless."

*Id.* at 743-44 (emphasis in original).

■    Here, as in *Wibbens*, the challenged evidence con-
sisted of unsworn oral assertions that constituted hearsay
and, as in *Wibbens*, we conclude that those assertions did not
bear adequate characteristics of reliability. The assertions
were not "contained in a report, affidavit, or other documen-
tary substitute for live testimony" and did not satisfy any rec-
ognized exception to the hearsay rule.

We reject the state's attempt to qualify the unsworn
assertions under the public records hearsay exception by vir-
tue of the police report. That report was not received in evi-
dence and, when Hubbard recited the challenged hearsay
assertions, he did not state that he was relying on the police
report. Indeed, Hubbard only mentioned the report after he
was asked by the court if he had received such a report.

Moreover, the state failed to show why the police
officers could not have been called to testify; the hearing took
place at the Jackson County Courthouse in Medford, and the
declarants were Medford police officers. As we explained in
*Wibbens*—where the hearing took place at the Douglas
County Courthouse and the declarant was a Douglas County
sheriff's deputy—in this case "there is no basis to infer any
excuse for [the declarants'] absence," and, thus, that factor
also weighs against admission of the hearsay evidence. *Id.* at
743. Moreover, without the opportunity to cross-examine the
officers, defendant's ability to refute the evidence was
severely impaired. Although defendant failed to assert that
he had not violated the no contact order, his counsel did
argue that, without the ability to cross-examine the officers,
it was impossible to determine the veracity of the hearsay
testimony. Accordingly, that factor also weighs against its
admission.

■    Finally, the hearsay assertions at issue here were
central to the state's case; indeed, they were the only evi-
dence that defendant had violated the no contact order, and,
thus, the state could not have met its burden without them. It

follows that their admission was not harmless.[2] *See Wibbens,* 238 Or App at 744. Because all four of the *Johnson* factors weigh against admission of the hearsay evidence, the trial court erred in denying defendant's motion to exclude that evidence. As we held in *Wibbens,*

> "[i]n light of the importance of defendant's interest in confrontation, and the absence of good cause for denying it, the balance weighs in favor of confrontation. Based on the *Johnson* factors, the admission of the hearsay evidence violated defendant's due process right to confront an adverse witness, and the trial court erred in admitting that evidence."

*Id.* So too, here.

Reversed and remanded.

---

[2] We reject the state's argument that defendant's admission that he violated the no contact order during the dispositional phase of the hearing rendered admission of the hearsay harmless. When defendant made that admission, the trial court had already found him in violation of his probation. As the Ninth Circuit has explained, the due process right of a probationer to confront witnesses against him requires that a probationer "receive a fair and meaningful opportunity to refute or impeach the evidence against him in order to 'assure that the *finding of a [probation] violation* will be based on verified facts.'" *United States v. Martin,* 984 F2d 308, 310 (9th Cir 1993) (citations omitted) (emphasis added). Thus, an evaluation of the harmfulness of the admission of hearsay testimony encompasses the totality of the proceedings *prior* to the finding of a probation violation.