Submitted March 23, reversed and remanded July 13, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAYMOND JAY MONK,
*Defendant-Appellant.*

Multnomah County Circuit Court
060748470; A143634

260 P3d 607

Erin Galli and Chilton & Galli, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals a judgment extending his probation that was entered after the trial court found that he had violated one of his conditions of probation. Defendant argues that the sole evidence offered to support the allegation that he violated probation was admitted in violation of his due process rights. *See generally United States v. Comito,* 177 F3d 1166 (9th Cir 1999); *State v. Johnson,* 221 Or App 394, 190 P3d 455, *rev den,* 345 Or 418 (2008). We reverse and remand.

Defendant was placed on probation for menacing, ORS 163.190, and, after a probation violation hearing, the trial court found that he had violated the condition of his probation that required him not to possess controlled substances. The only evidence that the court received concerning the alleged violation was the testimony of defendant's probation officer. She testified that she had received a police report indicating that an officer had searched defendant and found marijuana in his possession.[1] Defendant objected to that testimony on due process grounds. The prosecutor responded that the police report writer, Officer Shaw, was unavailable because she was in training at the police academy. However, the prosecutor offered no explanation as to why the officer who had actually found the marijuana was not available to testify. After discerning from the witness that the information from the police report concerning the search was of the type she generally relied on in her business affairs, the trial court determined that admission of the challenged testimony would not violate defendant's due process rights. On appeal, defendant asserts that the court's exclusive reliance on the probation officer's testimony about the contents of the police report did not comport with due process. We agree.

---

[1] The probation officer's testimony did not explicitly indicate who had authored the report or who had found the drugs. The report was not admitted into evidence. However, it appears that both the prosecutor and defense counsel were aware of the contents of the report, and we gather from statements made by both attorneys that the report was authored by a police officer named Shaw and that the search of defendant was conducted by another officer.

Neither the rules of evidence nor the state or federal constitutions provide a *per se* bar to the use of hearsay evidence at certain types of proceedings that are collateral to criminal convictions. *See generally Morrissey v. Brewer*, 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972) (parole proceedings); *Gagnon v. Scarpelli*, 411 US 778, 93 S Ct 1756, 36 L Ed 2d 656 (1973) (probation violation proceedings). The constitution does not bind a court in a probation violation proceeding to follow the standard rules of evidence. Rather, a court may consider "conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." *Id.* at 782 n 5. However, in such proceedings, a defendant does have a right under the Due Process Clause "to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey*, 408 US at 489.

In *Johnson*, we adopted the test employed by the Ninth Circuit in *Comito*, which requires a balancing of a probationer's due process rights to confrontation of witnesses against the state's asserted good cause for denying confrontation, taking into account the following four factors:

"(1) the importance of the evidence to the court's finding;
(2) the probationer's opportunity to refute the evidence;
(3) the difficulty and expense of obtaining witnesses; and
(4) traditional indicia of reliability borne by the evidence."

*Johnson*, 221 Or App at 401 (citations omitted).

The state maintains that the present case is like *Johnson*, where a probationer challenged the trial court's reliance on the sworn affidavit of a probation officer concerning the probationer's failure to abide by a condition of probation that required him to follow the officer's directives. *Id.* at 396-97. The witness through whom the evidence was adduced testified that the probation officer who prepared the affidavit was unable to attend because he was ill. *Id.* at 397. We summarized the following factors as weighing against the admission of the hearsay evidence in *Johnson*: "the facts that the challenged evidence was important to the state's case, and the state made only a perfunctory showing as to why the probation officer did not appear to testify on two consecutive hearing days." *Id.* at 405. Weighing in favor of admissibility

was the fact that the evidence "bore several traditional earmarks of reliability," because it fell within a well-established exception to the hearsay rule, and the information contained in the hearsay "did not involve matters of opinion, interpretation or nuance; either they happened or they did not." *Id.* In addition, the hearsay was "partially corroborated" by the witness who did testify and who had personal knowledge of some of the issues. *Id.* Finally, weighing in favor of admission was the fact that the defendant had an opportunity to contest the evidence, "but he did not meaningfully do so." *Id.*

Several of our more recent cases applying the test from *Johnson,* however, are considerably more analogous to the present case. In *State v. Wibbens,* 238 Or App 737, 243 P3d 790 (2010), the defendant was found to have violated his probation by using alcohol. In that case, the only evidence of the violation was testimony from the defendant's probation officer that a police officer "told me that he was in contact with [the defendant], that he smelled of alcohol." *Id.* at 739. The state proffered no explanation for the police officer's unavailability. The defendant did not present any evidence. *Id.* at 740. We stated:

"[The officer's] unsworn oral allegation was hearsay that bore no characteristics of reliability. The statement was made during a telephone conversation. It was not contained in a report, affidavit, or other documentary substitute for live testimony. There is no recognized hearsay exception for the deputy's statement, and he is not subject to penalty if it proved to be false. *See Comito,* 177 F3d at 1171 ('Unsworn verbal allegations are, in general, the least reliable type of hearsay.'). Moreover, the facts to be proved by the hearsay were based on [the officer's] sensory perception ('he *smelled* of alcohol' and 'he *appeared* to be intoxicated' (emphases added)). Unlike the facts in *Johnson,* they are matters that are subject to errors of judgment or interpretation. We know nothing about the bases for the deputy's factual conclusions or the context in which they were formed. Those observations are precisely the kind of unverified facts that the right to confrontation is designed to test. Furthermore, the hearsay evidence was not corroborated by any other source. So far as the record indicates, [the officer] was the only person to observe defendant. There is no documentary

evidence to support his conclusions. Indeed, there is no other evidence in this case whatsoever."

*Id.* at 743-44. Accordingly, we concluded that the trial court had erred in admitting the challenged evidence.

Most recently, we followed *Wibbens* in a case that is remarkably similar to the present case. In *State v. Terry*, 240 Or App 330, 332, 252 P3d 332 (2011), the trial court admitted testimony from the defendant's probation officer that he had received a call from a police officer informing him that the defendant had been involved in a domestic dispute in violation of a "no contact" condition of his probation. The probation officer testified that he had received a police report concerning the incident, but the report was not admitted into evidence. *Id.* at 332 n 1. We

"reject[ed] the state's attempt to qualify the unsworn assertions under the public records hearsay exception by virtue of the police report. That report was not received in evidence and, when [the probation officer] recited the challenged hearsay assertions, he did not state that he was relying on the police report."

*Id.* at 336. We further noted that the state had failed to explain why the police officers had not been called to testify, that the challenged evidence was central to the state's case, and that "without the ability to cross-examine the officers, it was impossible to determine the veracity of the hearsay testimony." *Id.*

With those cases in mind, we apply the four-factor test from *Johnson* to the present case. The first factor concerns the importance of the evidence to the court's finding. Here, as in *Terry* and *Wibbens*, the challenged hearsay was the state's only evidence that the alleged probation violation had occurred. Second, we look to defendant's "opportunity to refute the evidence." Here, defendant had no meaningful opportunity to cross-examine anyone as to the circumstances of the alleged violation. The only evidence was the probation officer's extremely brief statement that she had read about the violation in a police report. No details were given as to the circumstances under which the drugs were found. Indeed, as noted above, *see* 244 Or App at 154 n 1, the testimony did not

even reveal who had performed the search that revealed the drugs. The third factor is the difficulty and expense of obtaining witnesses; here, the prosecutor represented that the author of the report was "at academy." Nothing was said about what—if any—difficulties would prevent the officer from taking time from her training to appear in court. Also, as noted, statements of counsel indicated that the officer who drafted the report was not even the officer who found the drugs; the state offered no explanation as to why the officer who found the drugs was not called to testify.

With regard to the final factor, the "traditional indicia of reliability borne by the evidence," *Johnson*, 221 Or App at 401, the state argues that "[t]he reliability of the [police] report is evident in the fact that it was admissible under an established hearsay exception for public records." That argument misses the mark. No police report was admitted into evidence in this case and, thus, its hypothetical admissibility as a public record simply is not the issue. Rather, defendant challenges the probation officer's testimony that she believed that defendant had violated his probation because she read in a police report that drugs had been found in his possession. We reiterate, as the Court held in *Gagnon*, that a court may consider "conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence" in a probation violation proceeding. 411 US at 782 n 5. However, such permissible substitutes do not include the testimony of a witness lacking personal knowledge of an alleged probation violation who merely has read about the violation in an affidavit, deposition, or other document that has not been admitted into evidence.

We acknowledge that several factors in this case do not weigh as heavily against admission of the challenged hearsay as were the circumstances involving the hearsay in *Wibbens* and *Terry*. First, unlike in *Wibbens*, the factual matter at issue here arguably is not as subjective—that is, in *Wibbens*, the officer claimed to have "smelled alcohol" on the defendant, whereas here, one of the officers apparently found, and seized, marijuana from defendant. Second, in this case, unlike in *Wibbens* and *Terry*, the prosecutor at least gave a perfunctory explanation for the unavailability of the officer who prepared the report on which the witness relied.

We note, however, that such a "perfunctory showing" in *Johnson* was cited as a reason *against* admitting the evidence.

On balance, none of the four factors weighs strongly in favor of admission of the evidence, whereas several of the factors weigh heavily against it. We conclude, as we did in *Wibbens* and *Terry*, that the trial court erred in admitting the challenged evidence.

Reversed and remanded.