PER CURIAM
*580 Defendant appeals a supplemental judgment imposing $16,502.36 in restitution. The trial court imposed the award after defendant pleaded no contest to attempting to elude a police officer, ORS 811.540, driving under the influence of intoxicants, ORS 813.010, and reckless driving, ORS 811.140, following an incident in which defendant crashed his motorcycle into the victim's minivan while she was working as a delivery driver. The restitution award reimbursed SAIF, the insurer of the victim's employer, which accepted the victim's workers' compensation claim and paid her medical expenses resulting from the collision.
Defendant argues on appeal (as he did below) that the trial court violated his right to due process under the Fourteenth Amendment to the United States Constitution when the court, at the restitution hearing, allowed testimony of a SAIF employee that was based on hearsay statements by the victim, who was not present for cross examination. Defendant relies on State v. Johnson , 221 Or. App. 394, 401-04, 190 P.3d 455, rev. den. , 345 Or. 418, 198 P.3d 942 (2008), in which we held that, under some circumstances, a defendant may be entitled to due process confrontation rights in probation revocation proceedings. Defendant has conceded that no case has extended Johnson 's holding to restitution proceedings, and he does not advance an argument as to why Johnson 's holding should apply here, other than noting that a "criminal defendant's due process rights continue during sentencing" and that the amount of restitution in question here is "a significant amount of money."
The state urges us not to extend Johnson to restitution proceedings. The state asserts that, in Williams v. New York , 337 U.S. 241, 250-51, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), the Supreme Court held that convicted defendants have no Fourteenth Amendment due process confrontation rights at sentencing. See also Buchea v. Sullivan , 262 Or. 222, 235, 497 P.2d 1169 (1972) (hearsay evidence is allowed in sentencing proceedings, and rights of confrontation and cross-examination are "not vital" at sentencing). The state thus argues that, because restitution is a part of sentencing, defendant has no due process right to confront witnesses *581 in restitution hearings. See also, e.g. , *801 State v. Dillon , 292 Or. 172, 180-81, 637 P.2d 602 (1981) (restitution is part of sentencing).
Defendant addresses neither the state's argument nor an earlier discussion by the trial court about the differences between restitution and probation revocation proceedings, which, in the court's view, supported its decision not to extend Johnson to restitution proceedings. In light of defendant's failure to develop an argument as to why Johnson applies, we reject defendant's arguments without further discussion and conclude that he has failed to establish that his due process rights were violated.
Affirmed.