Argued and submitted June 2, reversed and remanded July 14, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CALVIN LEE BROWN,
*Defendant-Appellant.*

Klamath County Circuit Court
18CR20571; A173249

496 P3d 701

Defendant appeals a judgment revoking his probation on two counts of first-degree burglary and imposing a sentence of 90 months' imprisonment. On appeal, defendant argues that the trial court erred in admitting hearsay testimony from his probation officer in light of his right to confront witnesses under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The state responds that defendant failed to preserve that claim of error. *Held*: Defendant preserved his claim of error. Although he did not use the words "due process" or specifically and clearly invoke the right case names, he did enough to alert the trial court to the substance of his objection. On the merits, in light of the importance of defendant's interest in confrontation and the absence of good cause for denying it, the admission of the hearsay evidence violated defendant's due process right to confront an adverse witness, and the trial court erred in admitting that evidence.

Reversed and remanded.

Andrea M. Janney, Judge.

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

Defendant appeals a judgment revoking his probation on two counts of first-degree burglary and imposing a sentence of 90 months' imprisonment. The trial court entered that judgment after finding that defendant violated the terms of probation by changing his address without prior approval from his probation officer. The state's evidence of the violation consisted largely of testimony by defendant's probation officer, Colahan, about documentation and other information that Colahan had received from other probation officers about their inability to locate defendant's purported address and where defendant had been contacted by a sheriff's deputy. On appeal, defendant argues that the court erred in admitting that hearsay testimony in light of his right to confront witnesses under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See State v. Wibbens*, 238 Or App 737, 741, 243 P3d 790 (2010) (explaining that whether "admission of hearsay evidence at a probation revocation proceeding violates a probationer's right to confrontation" involves weighing "the probationer's interest in confrontation against the government's good cause for denying it"); *id.* at 741-42 ("The relevant factors in that analysis include '(1) the importance of the evidence to the court's finding; (2) the probationer's opportunity to refute the evidence; (3) the difficulty and expense of obtaining witnesses; and (4) traditional indicia of reliability borne by the evidence.'" (Quoting *State v. Johnson*, 221 Or App 394, 401, 190 P3d 455, *rev den*, 345 Or 418 (2008).)).

This case turns on the issue of preservation. The state does not contend that, under the due-process balancing required by *Wibbens* and *Johnson*, the court properly denied defendant the right to confrontation. Rather, the state argues that defendant did not adequately preserve his contention for appeal, because his objections were phrased in terms of the "confrontation clause" rather than due process.[1]

The preservation question is a close call. As the state points out, the analysis for confrontation under the Due Process Clause is distinct from what is required of a

---

[1] The state also advances a harmless error contention that we reject without discussion.

trial court under the tests ordinarily invoked by a shorthand reference to a "confrontation clause"—*i.e.*, the tests under the Sixth Amendment to the United States Constitution or Article I, section 11, of the Oregon Constitution. And, if "confrontation clause" had been the sum of defendant's objection, we would agree with the state that defendant had not preserved his claim of error. But, here, there was more.

In addition to repeatedly invoking his right to "confrontation" and the "confrontation clause," defendant also informed the court that he discovered a 2010 case "saying that anybody who accuses [the probationer] of anything he gets to confront and it's a violation of the confrontation clause in a revocation hearing," and that "[w]e've heard that he shoplifted and we heard that he moved; nobody in here can confirm that today."[2]

The trial court did not further inquire about the case that defendant had cited. Instead, the court stated that it

> "would not require this particular PO to drive to Portland, go to that, take pictures, sit there, and confirm whether or not what he has been told by another trained professional that lives in Portland that that address does not exist to confirm that that address does not exist. He's relying on that information, that is his job."

In response, defendant pointed out that the other probation officers could easily be produced by the state as witnesses, given the stakes of the proceeding for defendant:

> "The idea that PO Colahan couldn't go up to Portland to take pictures and bring stuff down makes complete sense *but the idea that somebody could call in from Portland is really easy, we do it all the time.* Sending him up on essentially hearsay is a pretty, it seems like a pretty serious—*if you're sending somebody to prison for 90 months you need to have a very solid foundation.*"[3]

(Emphases added.)

---

[2] The transcript refers to "*State v. Livens*" rather than "*Wibbens.*"

[3] We acknowledge, as the state points out, that defendant did not carefully delineate between exclusion of the hearsay testimony and the court's error in relying on that hearsay testimony to revoke his probation. Given the way in which the arguments developed, we are not persuaded that defendant's failure to draw a distinction in that regard would have affected the trial court's decision on the question of confrontation.

It is true that defendant did not use the words "due process" or specifically and clearly invoke the right case names, but we are persuaded that he did enough to alert the trial court to the substance of his objection. Preservation rules are "pragmatic as well as prudential," and they are intended to promote the administration of justice, not subvert it. *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008). Defendant objected to the hearsay evidence, raised the issue of confrontation, made an effort to cite a case involving confrontation in the specific context of probation revocation, and identified specific factors relevant to due process considerations: lack of reliability of the hearsay, that the witnesses were easily produced by telephone, the significance of the evidence to the state's case, and the stakes for defendant in terms of a 90-month imprisonment. We are persuaded that the prudential and pragmatic concerns underlying the preservation doctrine have been satisfied.

On the merits, we agree with defendant that the case is controlled by our decision in *Wibbens*, 238 Or App at 741, and the state does not contend otherwise on appeal. The hearsay evidence was central to the state's case, defendant requested confrontation, and the state never demonstrated a basis to deny it on the facts of this case. We note, in particular, that there is no basis to conclude on this record that the witness could not have appeared by telephone, as defendant suggested. Thus, as we held in *Wibbens*:

> "In light of the importance of defendant's interest in confrontation, and the absence of good cause for denying it, the balance weighs in favor of confrontation. Based on the *Johnson* factors, the admission of the hearsay evidence violated defendant's due process right to confront an adverse witness, and the trial court erred in admitting that evidence."

238 Or App at 744. We therefore reverse and remand for further proceedings.

Reversed and remanded.