Argued and submitted September 2, reversed and remanded October 13, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DUWAYN DORN HAGER,
*Defendant-Appellant.*

Lane County Circuit Court
15CR12300; A172736

500 P3d 83

Charles M. Zennaché, Judge.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant appeals a judgment extending his term of probation based on findings that he failed to report as directed. He assigns error to the trial court's decision, over defendant's due process objection, to permit his current probation officer to testify to written statements made by his former probation officer in his notes about defendant. The state responds that any error was harmless and that the trial court properly allowed the new probation officer to testify to statements by the former probation officer.

As an initial matter, the state has not disputed that due process poses the same limitations on the reliance on out-of-court statements to *extend* probation that it does on the use of hearsay to *revoke* probation. Accordingly, we assume without deciding that the analysis is the same in each context.

Turning to the question at hand, we reject the state's contention that any error is harmless. Contrary to the state's assertions, the hearsay evidence was not cumulative of other evidence and the record indicates that the trial court likely relied on it to find that defendant violated the terms of probation and then to extend probation based on that finding.

As for the merits of the due process question, we see little difference between this matter and our recent decision in *State v. Brown*, 313 Or App 283, 284-86, 496 P3d 701 (2021). Considering the relevant factors, the state made the evidence central to its case, and defendant asked for confrontation. Although defendant's former probation officer had retired, the state made no showing that it would be difficult or expensive to call him as a witness. As for reliability of the statements, although the court determined that the former probation officer's file would be admissible under the business records hearsay exception (an assessment on which we do not express an opinion), the documentary records themselves were not admitted into evidence as the exception contemplates. OEC 803(6) (allowing for the admission of "[a] memorandum, report, record, or data compilation, in any form" otherwise meeting requirements of the rule). Instead, defendant's new probation officer simply testified to

the contents of those records, so the business records exception is not a basis for concluding that the hearsay testimony is reliable. *See State v. Monk*, 244 Or App 152, 158, 260 P3d 607 (2011) (rejecting state's argument that testimony based on police report was reliable where report itself had not been admitted into evidence). Beyond that, we do not see any other basis to conclude that the hearsay statements were so reliable that the other factors pointing toward defendant having a due process confrontation right in this circumstance are outweighed by that reliability.

For these reasons, we conclude that the trial court erred in overruling defendant's due process objection. Because we also have concluded that the error was not harmless, we reverse and remand.

Reversed and remanded.