Submitted December 20, 2010, affirmed April 20, 2011

FRANK RUSSELL BAIZE,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A143352

256 P3d 123

Peter Gartlan, Chief Defender, and Joshua B. Crowther, Chief Deputy Defender, Office of Public Defense Services, filed the brief for petitioner.

John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision in which the board concluded, after conducting a murder review hearing, that petitioner was not likely to be rehabilitated within a reasonable period of time. Petitioner argues that the board erred in refusing to allow him to cross-examine the district attorney who spoke at the hearing, and in failing to swear in the district attorney as a witness.[1] As explained below, petitioner's argument concerning the administration of oaths or affirmations is not preserved, and we do not consider it. As for his argument concerning cross-examination, for the reasons set forth below, we conclude that the board did not err, and affirm the board's order.

Petitioner was convicted of aggravated murder in 1983, for which he received a life sentence with a minimum term of 20 years' imprisonment. ORS 163.105(2) (1981). Pursuant to ORS 163.105(3) (1981), petitioner requested a murder review hearing, at which the board was required to determine whether petitioner "is likely to be rehabilitated within a reasonable period of time." If the board so finds, it is required "to convert the terms of the prisoner's confinement to life imprisonment with the possibility of parole or work release" pursuant to ORS 163.105(4) (1981). Subsection (3) further provides: "The proceeding shall be conducted in the manner prescribed for a contested case hearing under ORS 183.310 to 183.550," subject to certain exceptions not relevant here.

Petitioner's murder review hearing was held on August 1, 2007. After petitioner presented evidence, the board permitted Mark Huddleston, the district attorney who had prosecuted petitioner for the aggravated murder, to speak. Huddleston began by noting that he had been called to the scene of the murder shortly after it had occurred. He described his view of petitioner's institutional disciplinary record, the psychological evaluations of petitioner, and petitioner's own testimony at the hearing, opining that petitioner had not met his burden of demonstrating that he could be

---

[1] We reject without discussion petitioner's additional argument that the board erred in considering a psychological evaluation that petitioner asserts was "irrelevant" to the issues at the hearing.

rehabilitated within a reasonable time. When Huddleston concluded his statements, petitioner asked if he could question Huddleston, and the board chair replied that he could not. Petitioner asked if Huddleston had been sworn in, and the chair replied that he had not, but added: "Would you like me to swear him in?" Petitioner did not respond to that question, but instead asserted that, if Huddleston was a witness, petitioner should be entitled to cross-examine him. The chair replied: "He's the District Attorney, and he gets to make a statement at this type of hearing." The board then allowed petitioner to make a rebuttal statement in response to Huddleston's statements.

After the hearing, the board concluded that petitioner was not likely to be rehabilitated within a reasonable period of time. Petitioner sought administrative review and raised the issues described above concerning Huddleston's statements. The board responded that ORS 144.120(7) authorized the procedure that it used to receive Huddleston's statements at the hearing.

■ On judicial review, petitioner challenges the board's refusal to permit him to cross-examine Huddleston, and he also asserts that the board erred in failing to administer an oath or affirmation to Huddleston. We reject petitioner's argument concerning the oath or affirmation. As noted, when petitioner raised that issue to the board, the chair offered to administer an oath or affirmation to Huddleston, should petitioner wish him to do so. Petitioner did not request that such an oath or affirmation be administered. Thus, petitioner waived the right to assert the alleged error.

■ We turn to petitioner's arguments concerning the board's refusal to permit him to cross-examine Huddleston. As noted, ORS 163.105(3) (1981), which governs murder review hearings, provides, in part, that "[t]he proceeding shall be conducted in the manner prescribed for a contested case hearing under ORS 183.310 to 183.550." ORS 183.310 to 183.550, in turn, comprise the Administrative Procedures Act (APA). ORS 183.450(3), which pertains to evidence in contested cases, provides, in part, that "[e]very party shall have the right of cross-examination of witnesses who testify." Petitioner acknowledges that ORS 183.450(3) does not apply

to orders concerning inmates "confined in a Department of Corrections facility." ORS 183.315(5)(a). Petitioner asserts, however, that even if the APA provision concerning cross-examination does not *directly* apply here, the board has, in effect, adopted that APA provision by a rule: OAR 255-032-0030.[2] That rule, which governs evidence in murder review hearings, provides: "The Board and the inmate will have the right of cross-examination of each witness that testifies, and will have the right to submit rebuttal evidence."

The state responds that Huddleston was not a "witness" and, thus, OAR 255-032-0030 does not apply to his statements. The state relies on OAR 255-032-0025, which governs the manner in which murder review hearings are conducted, and provides, in part:

> "(5) Pursuant to ORS 144.120, the district attorney from the committing jurisdiction has the right to appear at the hearing, or to submit a written statement concerning the crime and the inmate. The district attorney may be represented by a designee if he/she wishes. The district attorney's statement should be concluded within 15 minutes. The Board may allow the statement to exceed that period when additional time is needed."

ORS 144.120(7), in turn, provides, in part:

> "The victim, personally or by counsel, and the district attorney from the committing jurisdiction shall have the right to appear at any hearing or, in their discretion, to submit a written statement adequately and reasonably expressing any views concerning the crime and the person responsible. The victim and the district attorney shall be given access to the information that the board or division will rely upon and shall be given adequate time to rebut the information. Both the victim and the district attorney may present information or evidence at any hearing, subject to such reasonable rules as may be imposed by the officers conducting the hearing."

We interpret administrative rules "under the same analytical framework we apply when construing statutes."

---

[2] Because, as explained below, this case turns on whether Huddleston was a "witness," we need not decide whether ORS 183.450(3) could have some application in this context.

*Birmingham v. Department of Forestry*, 209 Or App 736, 743-44, 149 P3d 600 (2006), *rev den*, 342 Or 644 (2007). In the present case, the board has construed its own rules, OAR 255-032-0025 and OAR 255-032-0030, to the effect that a district attorney who makes a "statement" pursuant to OAR 255-032-0025(5) is not a "witness who testifies," as that phrase is used in the rule pertaining to cross-examination, OAR 255-032-0030(5). As explained below, we conclude that the texts of those rules, viewed in context, confirm the board's construction.

The most pertinent context is found in other subsections of OAR 255-032-0025, which describes the manner in which the hearing shall be conducted. Thus, we reproduce subsection (5) in context with two other subsections of that rule:

> "(3) The initial testimony of each *witness* shall not exceed *ten minutes*. The presiding Board member may grant the witness additional time upon a finding that further testimony is likely to be relevant to the board's decision. The presiding Board member may exclude or limit irrelevant, immaterial or unduly repetitious testimony and evidence.
>
> "(4) Pursuant to ORS 144.120, the crime victims have the right to appear at the hearing, or to submit a written statement concerning the crime and the person responsible. For the purposes of these rules, victim means any person determined by the prosecuting attorney, the court, or the Board to have suffered direct financial, psychological, or physical harm as a result of a crime and, in the case of a victim who is a minor, the legal guardian of the minor. The victim may be represented by counsel or a designee of the victim's choice. If a *victim* chooses to speak, his/her *statement should be concluded within 15 minutes*. The Board may allow the victim to exceed that period when additional time is needed.
>
> "(5) Pursuant to ORS 144.120, the district attorney from the committing jurisdiction has the right to appear at the hearing, or to submit a written statement concerning the crime and the inmate. The district attorney may be represented by a designee if he/she wishes. The *district attorney's statement* should be concluded within *15 minutes*. The

Board may allow the statement to exceed that period when additional time is needed."

(Emphasis added.) As can be seen from those provisions, OAR 255-032-0025 distinguishes between "witnesses" in subsection (3), who are generally permitted ten minutes of "testimony," and a "victim" or "district attorney" in subsections (4) and (5), each of whom are generally allowed 15 minutes to make their "statements." In short, OAR 255-032-0025 indicates that the board distinguishes between the testimony of witnesses and the statements of district attorneys or victims. Thus, it is logical to conclude that the reference to a "witness that testifies" in OAR 255-032-0025 is intended to refer to a "witness" as that term is used in OAR 255-032-0025(3), not to a "district attorney" or "victim" as those terms are used in OAR 255-032-0025(4) and (5). In sum, the wording of the board's rules is internally consistent, and supports the board's conclusion that petitioner was not entitled to cross-examine Huddleston regarding his statement.

Because OAR 255-032-0025 implements ORS 144.120(7), however, we also are required to consider whether the board's denial of cross-examination in these circumstances was forbidden by that statute. We conclude that it was not. ORS 144.120(7) provides, in part, that victims and district attorneys "may present *information or evidence* at any hearing, subject to such reasonable rules as may be imposed by the officers conducting the hearing." ORS 144.120(7). (Emphasis added.) That statute, like OAR 255-032-0025, refers to two different things: information and evidence. The district attorney here provided information, in the form of opinions and recommendations, that were not in the nature of evidence such as would require him to be regarded as a witness.

Finally, we address petitioner's argument that the board's denial of cross-examination under these circumstances constituted an impermissible denial of due process under the Fourteenth Amendment to the United States Constitution. Petitioner relies on *United States v. Comito*, 177 F3d 1166 (9th Cir 1999), and our decision in *State v. Johnson*, 221 Or App 394, 190 P3d 455 (2008), in which we interpreted and applied *Comito*. Initially, we note that

*Comito* and *Johnson* related to revocation proceedings and were based on the United States Supreme Court's decision in *Morrissey v. Brewer*, 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972). As the Oregon Supreme Court indicated in *Stogsdill v. Board of Parole*, 342 Or 332, 154 P3d 91 (2007), due process pertaining to the deferral of a parole release date, unlike revocation of release, is not analyzed under *Morrissey*, but rather is subject to the more general three-part procedural due process test set out in *Mathews v. Eldridge*, 424 US 319, 96 S Ct 893, 47 L Ed 2d 18 (1976).[3] Petitioner does not argue that the process utilized by the board concerning statements by district attorneys at murder review hearings is unconstitutional under that test, and we decline to undertake such an analysis in the absence of an adequately developed argument by petitioner. Suffice it to say that petitioner has cited no authority, and we are aware of none, indicating that a process that permits a petitioner to adduce rebuttal after a district attorney's remarks, as does the process at issue here, is insufficient to satisfy the Due Process Clause of the Fourteenth Amendment.

Affirmed.

---

[3] In *Mathews*, the court stated that the following three factors are pertinent to the procedural due process inquiry:

"First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail."

424 US at 335.